291 F.2d 235
 James DUGUID and Bertha V. Duguid, Appellants,
v.
Raymond R. BEST, as State Supervisor, Bureau of Land
Management, Walter E. Beck, as Manager, District Land
Office, Bureau of Land Management, Richard J. Litten, Chief,
Lands Adjudication Unit, Bureau of Land Management, and
Joseph E. Taylor, Assistant Regional Solicitor, California
Region, Bureau of Land Management, Department of the
Interior, Appellees.
 No. 17092.
 United States Court of Appeals Ninth Circuit.
 May 25, 1961.
 
 Chas. L. Cilmore, Sacramento, Cal., for appellants.
 J. Edward Williams, Acting Asst. Atty. Gen., S. Billingsley Hill and A. Donald Mileur, Attys., Dept. of Justice, Washington, D.C., Laurence E. Dayton, U.S. Atty., San Francisco, Cal., and Floyd R. Mitzner, Asst. U.S. Atty., Sacramento, Cal., for appellees.
 Before CHAMBERS, JERTBERG and KOELSCH, Circuit Judges.
 JERTBERG, Circuit Judge.
 
 
 1
 Appellants appeal from a summary judgment dismissing their complaint on the ground that there existed no genuine issue as to a material fact and that appellees were entitled to a judgment as a matter of law.
 
 
 2
 Jurisdiction of the district court is predicated on the alleged presence of a federal question, and upon Title 28 U.S.C.A. 1331, and such jurisdiction is not questioned on this appeal. This Court has jurisdiction to review the judgment under Title 28 U.S.C.A. 1291 and 1294.
 
 
 3
 In their complaint filed in the district court appellants alleged: that they are the owners in possession and are entitled to the possession of a certain mine and mining location situate in the Lassen National Forest (public lands of the United States), County of Butte, State of California, known as 'Clifford Mine', located July 5, 1936, and duly recorded in the official records of Butte County; that said mine and mining location contained a valuable deposit of gold bearing gravel; that said location was based upon discovery of gold and other valuable minerals within the limits thereof; and that they have been in possession of said mining claim and location ever since the date of location except as they were forcibly ousted from a portion thereof by Paradise Irrigation District, an irrigation district organized and existing under the laws of the State of California.
 
 
 4
 In further appears that on March 26, 1956, Paradise Irrigation District was granted a special use permit by the United States Forest Service, and right-of-way or easement to construct a dam and spillway at specified locations in the Lassen National Forest, a portion of which encroached upon the mining claim and location of appellants. This permit was granted 'subject to all valid claims'. Subsequent to the granting of the permit the Paradise Irrigation District, without the consent of appellants, entered upon, forcibly took possession of a portion of appellants' mining claim and location, and proceeded to construct a dam and spillway thereon. Thereupon appellants instituted an action against the irrigation district in the Superior Court of the State of California, in and for the County of Butte, on May 19, 1959, praying for damages in the sum of $30,000 for such taking, which action is pending and undetermined.
 
 
 5
 On February 1, 1960, the irrigation district filed in the District Land Office of the Bureau of Land Management of the Department of the Interior, at Sacramento, California, and with appellees, a complaint against the appellants as a private contest, seeking an adjudication by the Bureau of Land Management of the validity of appellants' mining claim. This complaint was dismissed due to formal deficiencies.
 
 
 6
 Later in February, 1960, another complaint was filed by the irrigation district in the District Land Office of the Bureau of Land Management at Sacramento, California, and with appellees, against the appellants as a private contest, seeking an adjudication by the Bureau of Land Management of the validity of appellants' mining claim. Said complaint alleged that its special use permit entitled it to use the lands specified in its permit, that appellants were asserting an adverse claim, and that the lands described in appellants' mining claim were non-mineral in character and insufficient to constitute a discovery. Appellants alleged in their complaint filed with the district court that the filing of this second contest was with the aid and assistance of appellees. Appellants were ordered to appear before the Bureau of Land Management in this contest proceeding.
 
 
 7
 On March 16, 1960, appellants instituted their action in the district court, seeking to enjoin and restrain appellees from proceeding in any manner in connection with the alleged private contest complaint filed with the Bureau of Land Management by the irrigation district. It was alleged in the complaint that the filing of said private contest complaint was without statutory authority; that the pendency of said contest proceedings would enable the irrigation district to hold and use appellants' mining claim without compensation and thereby cause irreparable injury and subject appellants to a multiplicity of suits; that unless such proceedings by restrained appellants would be required to enter upon a long costly administrative proceedings; that appellants had no adequate remedy at law since said administrative proceedings and an appeal therefrom would take two years, during which period the appellants would be denied the right to occupy and to mine their mining claim; that appellees were without jurisdiction to hear and determine the controversy; and that the controversy between the irrigation district and the appellants was entirely within the jurisdiction of the Superior Court of Butte County.
 
 
 8
 The private contest complaint of the irrigation district was attached as an exhibit to appellants' complaint. In this private contest complaint filed by the irrigation district it is alleged that appellants' mining claim is adverse to the special use permit; that the lands embraced within appellants' mining claim are non-mineral in character; that insufficient minerals occur in said land to constitute a discovery; and that the use by the irrigation district of land embraced within appellants' mining claim causes no damage to appellants. The irrigation district prayed that appellants' mining claim be declared null and void. Attached to the private contest complaint are the affidavits of the president of the irrigation district and the mining engineer employed by the irrigation district, which affidavits repeat by reference the allegations of the complaint.
 
 
 9
 Appellees filed no answer to the complaint filed by appellants in the district court. The motion for summary judgment was based on the pleadings and records filed in the case, and as grounds of said motion it is alleged: (1) that the Bureau of Land Management was authorized to determine in the private contest proceeding the validity or invalidity of appellants' mining claim; (2) that appellants have not exhausted their administrative remedies; and (3) that the Secretary of the Interior is an indispensable party.
 
 
 10
 The district court granted the appellees' motion for summary judgment and held that the complaint was insufficient in law and that the Bureau of Land Management was acting within its authority in proceeding to conduct the private contest instituted before it by the irrigation district.
 
 
 11
 Before giving specific consideration to appellants' contentions on this appeal, we deem it necessary to discuss the nature of the rights or interests of the appellants in the mining claim which they assert and seek to protect in the state court action, and to analyze the extent of the controversy claimed to exist between appellants and the irrigation district.
 
 
 12
 A prospector has a statutory right to enter on public land in search of minerals, Title 30 U.S.C.A. 22.[1] A prospector who has made no discovery which would entitle him to any possessory rights of his claim against the government nevertheless has some possessory rights against forcible, fraudulent or clandestine intrusions while he remains in possession of his claim dilegently working towards discovery. Union Oil Co. of California v. Smith, 1919, 249 U.S. 337, 39 S.Ct. 308, 64 L.Ed. 635. An extended discussion of the requirements of this doctrine, known as pedis possessio, is not required. It is sufficient to note that Congress has passed as statute recognizing this doctrine.[2]
 
 
 13
 Appellants, however, claim a greater right than that of a mere prospector. Appellants allege discovery of valuable minerals on land which is mineral in character. Accordingly they claim the right of exclusive possession which inures to the owner of a mining location which is perfected under the law but unpatented. Such an interest has been declared to be property in the fullest sense of that term. Wilbur v. United States ex rel. Krushnic, 1929,280 U.S. 306, 50 U.S. 103, 74 L.Ed. 445; Ickes v. Virginia-Colorado Development Corp., 1935, 295 U.S. 639, 55 S.Ct. 888, 79 L.Ed. 1627; United States v. Etcheverry, 10 Cir., 1956, 230 F.2d 193. If a prospector may assert a possessory interest cognizable in a court of law, a fortiori the owner of such a perfected mining claim any do so.
 
 
 14
 We are satisfied from our review of the authorities and the provisions of Section 53, Title 30 U.S.C.A. supra, that appellants resorted to the proper forum in instituting their action in the Superior Court of the State of California, in and for the County of Butte, against the irrigation district to recover damages for the alleged trespass of the irrigation district on the possessory interest of appellants in the mining claim. Under the express language of said Section 53 the paramount title of the United States to the land in which such mining claim lies is not affected by such lawsuit, and the rights of the parties to such lawsuit must be adjudged by the law of possession. We recognize that there is a dispute between the parties as to the nature of appellants' possessory interest. In the district court appellants alleged they are owners of a perfected claim, and on motion for summary judgment appellees assert that the claim of appellants was not perfected because of lack of discovery and the non-mineral character of the lands.
 
 
 15
 In exercising jurisdiction to determine the possessory interests as between appellants and the irrigation district, the state court may be required to determine the mineral or non-mineral character of the land and the question of whether discovery has been made, where such a determination is necessary to settle the controversy before it. See McLemore v. Express Oil Co., 1910, 158 Cal. 559, 112 P. 59; Double Eagle Mining Co. v. Hubbard, 1910, 42 Cal.App. 39, 183 P. 282. We agree with the view of the California courts that it is not improper for state courts to make such a determination but such determination affects only the possessory interests of the litigants and has no effect upon the paramount title of the government. See Potter v. Randolph, 1899, 126 Cal. 458, 58 P. 905; Lightner Mining Co. v. Superior Court, 1910, 14 Cal.App. 642, 649, 112 P. 909.
 
 
 16
 The contentions urged by the appellants on this appeal are: (1) the court erred in concluding that the appellees had statutory authority to accept a private contest against appellants' mining claim; (2) the court erred in concluding that the mining claim of appellants was public land and therefore the right-of-way application of Paradise Irrigation District legally attached thereto; (3) the court erred in concluding that the approval of the said right-of-way by the Bureau of Land Management authorized occupancy of the mining claim of appellants by said Irrigation District; (4) the court erred in concluding that an adverse right in and to real property may be based in trespass; and (5) the court erred in granting appellees a summary judgment while there remained justiciable issues.
 
 
 17
 From our study of the record in the court below we have reached the conclusion that the validity of appellants' mining claim was not in issue before the district court. The effect of the conclusion reached by the district court was simply that the validity of appellants' mining claim could be properly adjudicated in the administrative proceedings initiated by the irrigation district by filing its contest complaint in the Sacramento office of the Bureau of Land Management, and that the Bureau of Land Management was authorized to hear and conduct such proceedings. In our view, therefore, the district court did not conclude that the mining claim of appellants was public land or that the right-of-way application of the irrigation district legally attached thereto, nor did the district court determine that the approval of said right-of-way by the Bureau of Land Management authorized occupancy of the mining claim by the irrigation district, nor did the district court conclude that an adverse right in and to real property may be based on trespass.
 
 
 18
 The main question on this appeal is whether the district court erred in concluding that the appellees had authority to hear and determine the administrative proceedings initiated by the irrigation district.
 
 
 19
 Appellants 'admit the Bureau of Land Management may, at any time on its own initiative, question the character of the land in a mining location or question the uses to which such land is being put.' Such is undoubtedly the law. See Cameron v. United States, 1920, 252 U.S. 450, 40 S.Ct. 410, 64 L.Ed. 659. As stated in Cameron, 252 U.S. at pages 459-460, 40 S.Ct. at page 412:
 
 
 20
 'By general statutory provisions the execution of the laws regulating the acquisition of rights in the public lands and the general care of these lands is confided to the Land Department, as a special tribunal; and the Secretary of the Interior, as the head of the Department, is charged with seeing that this authority is rightly exercised to the end that valid claims may be recognized, invalid ones eliminated, and the rights of the public preserved.
 
 
 21
 'A mining location which has not gone to patent is of no higher quality and no more immune from attack and investigation than are unpatented claims under the homestead and kindred laws. If valid, it gives to the claimant certain exclusive possessory rights, and so do homestead and desert claims. But no right arises from an invalid claim of any kind. All must conform to the law under which they are initiated; otherwise they work an unlawful private appropriation in derogation of the rights of the public.
 
 
 22
 'Of course, the Land Department has no power to strike down any claim arbitrarily, but so long as the legal title remains in the government it does have power, after proper notice and upon adequate hearing, to determine whether the claim is valid, and, if it be found invalid, to declare it null and void.'
 
 
 23
 As stated in their opening brief, 'Appellants do, however, question the authority of the Bureau of Land Management to vest in a private person or corporation a power specially conferred upon the Government only. We can find no statute authorizing the transfer of this mantle of sovereignty from the shoulders of the Federal Government to those of a private person or corporation.'
 
 
 24
 It is undisputed that the Congress has granted to the Secretary of the Interior general supervisory authority over public business relating to public lands, including mines.[3] Congress has also authorized the Commissioner of the General Land Office, under the direction of the Secretary of the Interior, to make appropriate regulations to carry into execution the statutory provisions relating to public lands.[4] Pursuant to the purported authority, Title 43 U.S.C.A. 1201, supra, the Commissioner of the Land Office, under the direction of the Secretary of the Interior, promulgated regulations which in pertinent parts provide, Title 43, Code of Federal Regulations, Section 221.51 et seq.:
 
 
 25
 'Subpart C - Contests and Protests
 
 
 26
 '221.51 By whom private contest may be initiated. Any person who claims title to or an interest in land adverse to any other person claiming title to or an interest in such land or who seeks to acquire a preference right pursuant to the act of May 14, 1880, as amended (43 U.S.C. 185), or the act of March 3, 1891 (43 U.S.C. 329), may initiate proceedings to have the claim of title or interest adverse to his claim invalidated for any reason not shown by the records of the Bureau of Land Management. Such a proceeding will constitute a private contest and will be governed by the regulations in this part.'
 
 
 27
 'Government Contests
 
 
 28
 '221.67 Government contests. The Government may initiate contests for any cause affecting the legality or validity of any entry or settlement or mining claim.'
 
 
 29
 It is to be noted that under Section 221.67 the government may initiate a contest for any cause affecting the legality or validity of any entry or settlement or mining claim on public land. Patently the purpose of such regulation is to assist the Secretary of the Interior in supervising public business relating to public lands, including mines. Even in the absence of such regulation, there can be no question as to the power and authority of the Secretary of the Interior, under the grant of authority to supervise public business on public lands, including mines, to initiate through the subordinate Bureau of Land Management a contest in order to see 'that valid claims on public land may be recognized, invalid ones eliminated, and the rights of the public preserved.' Cameron v. United States, supra.
 
 
 30
 Under Section 221.51 a person who claims title to or interest in public lands adverse to any other person claiming title to or interest in such land 'may initiate proceedings to have the claim of title or interest to his claim invalidated for any reason not shown by the records of the Bureau of Land Management.' By the express language of the regulation, a person who initiates such proceedings seeks only to have invalidated the claim of title or interest of the adversary party against the government. The adjudication is made not by the person who initiates the proceedings, but by authorized representatives of the United States. Under such regulation there is no transfer of the mantle of sovereignty from the shoulders of the government to those of a private person. We regard the private contest proceedings as a means or method which is designed to assist the Secretary of the Interior in carrying out his duties to protect the interests of the government and the public in public lands, in that by such method there may be called to the attention of the Bureau of Land Management invalid claims to title or interest in public lands, the invalidity of which does not appear on the records of the Bureau of Land Management and of which the Bureau may be without knowledge. If a claim of title to or interest in public land may be invalidated in a proceedings initiated by the government we are unable to see why the same result may not be reached in a proceedings initiated by a private person.
 
 
 31
 We do not construe the provisions of Section 221.51 to authorize an adjudication on the superiority of possessory interests as between claimants. In our view, controversies between claimants of possessory interests on public lands must be determined by the courts. See Title 30 U.S.C.A. 53, supra.
 
 
 32
 Since the purpose and end result of a private contest operate to protect the government against invalid claims of title to or interest in public lands, we are convinced that such regulation is valid. It was promulgated pursuant to Title 43 U.S.C.A. 1201, supra, under the power granted to the Secretary of the Interior by the provisions of Title 5 U.S.C.A. 485, supra, to carry out his duties to supervise public business relating to public lands, including mines.
 
 
 33
 In their complaint in the district court to enjoin the appellees from conducting a private contest, appellants express great fear that unless they be enjoined the appellants whill be denied the right to have their case tried in the state court action, and they will be deprived of their property without due process of law. We are unable to share such views. We find nothing in the record to indicate that the state court action has been stayed pending the termination of the contest proceedings. In the state court action appellants claim damages for invasion of their possessory rights, which, as indicated in the earlier part of this opinion, may exist as against the irrigation district regardless of the validity of appellants' mining claim as against the United States. If, as claimed by appellants, the irrigation district in initiating the private contest seeks to vex and annoy appellants by subjecting appellants to a multiplicity of actions, and to impair, interfere with, or defeat the jurisdiction of the state court, appellants' remedy, if any, lies in the state court which presumably has acquired jurisdiction over the irrigation district.
 
 
 34
 We agree with the conclusion reached by the district court from the records and documents before it that there was in fact no conspiracy between the appellees and the irrigation district, and that there existed in the record before it no genuine issue as to any material fact.
 
 
 35
 The judgment of the district court is affirmed.
 
 
 
 [1]
 Title 30 U.S.C.A. 22. Lands open to purchase by citizens
 'Except as otherwise provided, all valuable mineral deposits in lands belonging to the United States, both surveyed and unsurveyed, shall be free and open to exploration and purchase, and the lands in which they are found to occupation and purchase, by citizens of the United States and those who have declared their intention to become such, under regulations prescribed by law, and according to the local customs or rules of miners in the several mining districts, so far as the same are applicable and not inconsistent with the laws of the United States.'
 
 
 [2]
 Title 30 U.S.C.A. 53. 'Possessory action for recovery of mining titles
 'No possessory action between persons, in any court of the United States, for the recovery of any mining title, or for damages to any such title, shall be affected by the fact that the paramount title to the land in which such mines lie is in the United States; but each case shall be adjudged by the law of possession.'
 
 
 [3]
 Title 5 U.S.C.A. 485. 'Duties of Secretary
 'The Secretary of the Interior is charged with the supervision of public business relating to the following subjects and agencies:
 '13. Public lands, including mines. * * *'
 
 
 [4]
 Title 43 U.S.C.A. 1201. 'Power of Commissioner of Land Office. The Commissioner of the General Land Office, under the direction of the Secretary of the Interior, is authorized to enforce and carry into execution, by appropriate regulations, every part of the provisions of this title not otherwise specially provided for.'