# UNITED STATES *v.* DISTRICT COURT IN AND FOR THE COUNTY OF EAGLE ET AL.

No. 87. Argued March 2, 1971—Decided March 24, 1971

MR. JUSTICE DOUGLAS delivered the opinion for a unanimous Court. MR. JUSTICE HARLAN, though joining in the opinion, filed a concurring statement, *post,* p. 530.

*Deputy Assistant Attorney General Kiechel* argued the cause for the United States. With him on the brief were *Solicitor General Griswold, Assistant Attorney General Kashiwa, Francis X. Beytagh, Jr., Edmund B. Clark,* and *Charles N. Woodruff.*

*Kenneth Balcomb* argued the cause for respondents. With him on the brief were *Robert L. McCarty, George L. Zoellner, Don H. Sherwood,* and *Raphael J. Moses.*

Briefs of *amici curiae* were filed by *Gary K. Nelson,* Attorney General, and *Irving A. Jennings* for the State of Arizona et al.; by *Thomas C. Lynch,* Attorney General, *Walter S. Rountree,* Assistant Attorney General, and *David B. Stanton,* Deputy Attorney General, for the State of California; by *Duke W. Dunbar,* Attorney General of Colorado, *Lee Johnson,* Attorney General of Oregon, *Harvey Dickerson,* Attorney General of Nevada, *Robert M. Robson,* Attorney General of Idaho, *Robert L. Woodahl,* Attorney General of Montana, and *G. Kent Edwards,* Attorney General of Alaska, for the States of Colorado et al.; by *G. T. Blankenship,* Attorney General, and *W. Howard O'Bryan, Jr.,* Assistant Attorney General, for the State of Oklahoma; by *Vernon B. Romney,* Attorney General, *Robert B. Hansen,* Deputy Attorney General, and *Dallin W. Jensen,* Assistant Attorney General, for the State of Utah; by *Slade Gorton,* Attorney General, and *Charles B. Roe, Jr.,* and *Henry W. Ipsen,* Assistant Attorneys General, for the State of Washington; and by *James E. Barrett,* Attorney General, *Sterling A. Case,* Deputy Attorney General, and *Jack R. Gage,* Special Assistant Attorney General, for the State of Wyoming.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Eagle River is a tributary of the Colorado River; and Water District 37 is a Colorado entity encompassing all Colorado lands irrigated by water of the Eagle and its tributaries. The present case started in the Colorado courts and is called a supplemental water adjudication under Colo. Rev. Stat. Ann. § 148–9–7 (1963). The Colorado court issued a notice which, *inter alia,* asked all

owners and claimants of water rights in those streams "to file a statement of claim and to appear . . . in regard to all water rights owned or claimed by them." The United States was served with this notice pursuant to 43 U. S. C. § 666.[1] The United States moved to be dismissed as a party, asserting that 43 U. S. C. § 666 does not constitute consent to have adjudicated in a state court the reserved water rights of the United States.

The objections of the United States were overruled by the state District Court and on a motion for a writ of prohibition the Colorado Supreme Court took the same view. 169 Colo. 555, 458 P. 2d 760. The case is here on a petition for certiorari, which we granted. 397 U. S. 1005.

We affirm the Colorado decree.

It is clear from our cases that the United States often has reserved water rights based on withdrawals from the public domain. As we said in *Arizona* v. *California,* 373 U. S. 546, the Federal Government had the authority both before and after a State is admitted into the Union "to reserve waters for the use and benefit of

---

[1] 66 Stat. 560, 43 U. S. C. § 666 (a), provides:

"Consent is given to join the United States as a defendant in any suit (1) for the adjudication of rights to the use of water of a river system or other source, or (2) for the administration of such rights, where it appears that the United States is the owner of or is in the process of acquiring water rights by appropriation under State law, by purchase, by exchange, or otherwise, and the United States is a necessary party to such suit. The United States, when a party to any such suit, shall (1) be deemed to have waived any right to plead that the State laws are inapplicable or that the United States is not amenable thereto by reason of its sovereignty, and (2) shall be subject to the judgments, orders, and decrees of the court having jurisdiction, and may obtain review thereof, in the same manner and to the same extent as a private individual under like circumstances: *Provided,* That no judgment for costs shall be entered against the United States in any such suit."

federally reserved lands." *Id.*, at 597. The federally reserved lands include any federal enclave. In *Arizona* v. *California* we were primarily concerned with Indian reservations. *Id.*, at 598–601. The reservation of waters may be only implied and the amount will reflect the nature of the federal enclave. *Id.*, at 600–601. Here the United States is primarily concerned with reserved waters for the White River National Forest, withdrawn in 1905, Colorado having been admitted into the Union in 1876.

The United States points out that Colorado water rights are based on the appropriation system which requires the permanent fixing of rights to the use of water at the time of the adjudication, with no provision for the future needs, as is often required in case of reserved water rights.[2] *Ibid.* Since those rights may potentially be at war with appropriative rights, it is earnestly urged that 43 U. S. C. § 666 gave consent to join the United States only for the adjudication of water rights which the United States acquired pursuant to state law.

The consent to join the United States "in any suit (1) for the adjudication of rights to the use of water of a river system or other source" would seem to be all-inclusive. We deem almost frivolous the suggestion that the Eagle and its tributaries are not a "river system" within the meaning of the Act. No suit by any State could possibly encompass all of the water rights in the entire Colorado River which runs through or touches many States. The "river system" must be read as embracing one within the particular State's jurisdiction. With that to one side, the first clause of § 666 (a)(1), read literally, would seem to cover this case for "rights to the use of water of a river system" is broad enough to embrace "reserved" waters.

---

[2] See *Coffin* v. *Left Hand Ditch Co.*, 6 Colo. 443, 446; *Mason* v. *Hills Land & Cattle Co.*, 119 Colo. 404, 204 P. 2d 153.

The main reliance of the United States appears to be on Clause 2 of § 666 (a) which reads:

". . . for the administration of such rights, where it appears that the United States is the owner of or is in the process of acquiring water rights by appropriation under State law, by purchase, by exchange, or otherwise."

This provision does not qualify § 666 (a)(1), for (1) and (2) are separated by an "or." Yet even if "or" be read as "and," we see no difficulty with Colorado's position. Section 666 (a)(2) obviously includes water rights previously acquired by the United States through appropriation or presently in the process of being so acquired. But we do not read § 666 (a)(2) as being restricted to appropriative rights acquired under state law. In the first place "the administration of such rights" in § 666 (a)(2) must refer to the rights described in (1) for they are the only ones which in this context "such" could mean; and as we have seen they are all-inclusive, in terms at least. Moreover, (2) covers rights acquired by appropriation under state law and rights acquired "by purchase" or "by exchange," which we assume would normally be appropriative rights. But it also includes water rights which the United States has "otherwise" acquired. The doctrine of *ejusdem generis* is invoked to maintain that "or otherwise" does not encompass the adjudication of reserved water rights, which are in no way dependent for their creation or existence on state law.[3] We reject that conclusion for we deal with an all-inclusive statute concerning "the adjudication of rights to the use of water of a river system" which in § 666 (a)(1) has no exceptions and which, as we read it, includes appropriative rights, riparian rights, and reserved rights.

---

[3] See Comment, 48 Calif. L. Rev. 94, 111 (1960).

It is said that this adjudication is not a "general" one as required by *Dugan* v. *Rank,* 372 U. S. 609, 618. This proceeding, unlike the one in *Dugan,* is not a private one to determine whether named claimants have priority over the United States. The whole community of claims is involved and as Senator McCarran, Chairman of the Committee reporting on the bill, said in reply to Senator Magnuson: [4] "S. 18 is not intended . . . to be used for any other purpose than to allow the United States to be joined in a suit wherein it is necessary to adjudicate all of the rights of various owners on a given stream. This is so because unless all of the parties owning or in the process of acquiring water rights on a particular stream can be joined as parties defendant, any subsequent decree would be of little value."

It is said, however, that since this is a supplemental adjudication only those who claim water rights acquired since the last adjudication of that water district are before the court.[5] It is also said that the earliest priority date decreed in such an adjudication must be later than the last priority date decreed in the preceding adjudication.[6] The last water adjudication in this water district was entered on February 21, 1966, and the United States was not a party to that or to any prior proceeding in this water district. The United States accordingly says that since the United States cannot be barred by the previous decrees and since the owners of previously decreed rights are not before the court, the consent envisaged by 43 U. S. C. § 666 is not present.

We think that argument is extremely technical; and we decline to confine 43 U. S. C. § 666 so narrowly. The absence of owners of previously decreed rights may pre-

---

[4] S. Rep. No. 755, 82d Cong., 1st Sess., 9. And see *Pacific Live Stock Co.* v. *Oregon Water Bd.,* 241 U. S. 440, 448.

[5] Colo. Rev. Stat. Ann. § 148-9-7.

[6] *Id.,* § 148-9-13.

sent problems going to the merits, in case there develops a collision between them and any reserved rights of the United States.[7]  All such questions, including the volume and scope of particular reserved rights, are federal questions which, if preserved, can be reviewed here after final judgment by the Colorado court.

*Affirmed.*

[For concurring statement of Mr. Justice Harlan, see *post*, p. 530.]

---

[7] The Colorado court stated:

"We are not determining whether the United States has reserved water rights in connection with lands withdrawn subsequent to August 1, 1876, the date of Colorado's admission to the Union; nor, if so, whether these rights have priority over previously adjudicated rights.  These questions properly should be decided after the United States presents its specific claims for adjudication and the issues of fact and law are clearly drawn." 169 Colo., at 577, 458 P. 2d, at 770.