UNITED STATES *v.* DISTRICT COURT IN AND FOR WATER DIVISION NO. 5 ET AL.

No. 812.  Argued March 2, 1971—
Decided March 24, 1971

MR. JUSTICE DOUGLAS delivered the opinion for a unanimous Court. MR. JUSTICE HARLAN, though joining in the opinion, filed a concurring statement, *post,* p. 530.

*Deputy Assistant Attorney General Kiechel* argued the cause for the United States.   With him on the briefs were *Solicitor General Griswold, Assistant Attorney General Kashiwa, Samuel Huntington,* and *Edmund B. Clark.*

528

*Kenneth Balcomb* argued the cause for respondents. With him on the brief was *Robert L. McCarty.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is a companion case to the *Eagle County* case, *ante,* p. 520, and involves an action brought under a different state statute [1] in the District Court of Colorado for Water Division No. 5.[2] That court was given responsibility for water rights determinations affecting "all lands in the state of Colorado in the drainage basins of the Colorado river and all of its tributaries arising within Colorado, with the exception of the Gunnison river," [3] which includes the area of the Eagle River system.

Notice was served on the United States pursuant to 43 U. S. C. § 666 (b) and it moved to quash the service. That motion was denied. A writ of prohibition was sought in the Supreme Court and it was also denied. The case is here on a petition for a writ of certiorari which we granted. 400 U. S. 940.

The area covered by this suit includes vastly more extensive water rights than those involved in the *Eagle County* case. The Forest Service administers four separate national forests in the area: the White River, Arapaho, Routt, and Grand Mesa-Uncompahgre. The Department of the Interior, through the Bureau of Reclamation, the National Park Service, the Bureau of Land Management, the Bureau of Mines, and the Bureau of

---

[1] The Colorado Water Rights Determination and Administration Act of 1969, Colo. Rev. Stat. Ann. § 148–21–1 *et seq.,* Colo. Rev. Stat. Ann. § 148–21–18 (3) (Supp. 1969).

[2] The 1969 Act here in question abolished the 70 water districts previously existing and replaced them with seven water divisions.

[3] Colo. Rev. Stat. Ann. § 148–21–8 (6).

Sport Fisheries and Wildlife, makes use of water in Water Division No. 5 for national recreational and other purposes. The Department of the Navy administers certain naval petroleum and oil shale reserves which, if ever developed, would require water to accomplish the federal purpose for which the reservations were made.

The major issue—the scope of the consent-to-be-sued provision in 43 U. S. C. § 666—has been covered in the *Eagle County* opinion and need not be repeated here.

It is emphasized, however, that the procedures under the new Act are much more burdensome on the Government than they were under the older Act. It is pointed out that the new statute contemplates monthly proceedings before a water referee on water rights applications. These proceedings, it is argued, do not constitute general adjudications of water rights because all the water users and all water rights on a stream system are not involved in the referee's determinations. The only water rights considered in the proceeding are those for which an application has been filed within a particular month. It is also said that the Act makes all water rights confirmed under the new procedure junior to those previously awarded.

It is argued from those premises that the proceeding does not constitute a general adjudication which 43 U. S. C. § 666 contemplated. As we said in the *Eagle County* case, the words "general adjudication" were used in *Dugan* v. *Rank,* 372 U. S. 609, 618, to indicate that 43 U. S. C. § 666 does not cover consent by the United States to be sued in a private suit to determine its rights against a few claimants. The present suit, like the one in the *Eagle County* case, reaches all claims, perhaps month by month but inclusively in the totality; and, as we said in the other case, if there is a collision between prior adju-

dicated rights and reserved rights of the United States, the federal question can be preserved in the state decision and brought here for review.

*Affirmed.*

MR. JUSTICE HARLAN, concurring.*

I join in the opinions of the Court in these cases, explicitly disclaiming, however, the intimation of any view as to the existence and scope of the so-called "reserved water rights" of the United States, either in general or in the particular situations here involved.

---

*This statement applies also to No. 87, *United States* v. *District Court in and for the County of Eagle et al., ante,* p. 520.