CITY AND COUNTY OF DENVER, acting By and Through its BOARD OF WATER COMMISSIONERS; Adolph Coors Company, Inc., a corporation; Public Service Company of Colorado, a corporation; City of Loveland; E.E. Sonnenberg and Sons, Inc., a corporation; and City of Lafayette, Defendants-Appellants and Cross-Appellees,

v.

UNITED STATES of America, Plaintiff-Appellee and Cross-Appellant,

and

Cache La Poudre Water Users Association, et al., Defendants-Appellees and Cross-Appellants,

and

State of Colorado, et al., Defendants-Appellees and Cross-Appellees.

No. 79 SA 344.

Supreme Court of Colorado, En Banc.

Nov. 29, 1982.

Rehearing Denied Jan. 10, 1983.

Wayne D. Williams, Chief Counsel, Michael L. Walker, Associate Counsel, Saunders, Snyder, Ross & Dickson, P.C., Glenn G. Saunders, Martha Phillips Feiten, Melvin B. Sabey, Denver, for the City and County of Denver, acting by and through its Bd. of Water Com'rs.

Jack F. Ross, Denver, for Adolph Coors Co., Inc.

Kelley, Stansfield & O'Donnell, Timothy Flanagan, Denver, for Public Service Co. of Colorado.

Lynn A. Hammond, City Atty., Loveland, for City of Loveland.

George Vranesh, Boulder, for E.E. Sonnenberg & Sons, Inc. and City of Lafayette.

Joseph Dolan, U.S. Atty., Denver, Colo., Joshua I. Schwartz, Appellate Section, Land and Natural Resources Div., Dept. of Justice, Washington, D.C., Hank Meshorer, Senior Trial Attorney, Land and Natural Resources Div., Dept. of Justice, Denver, for the United States of America.

Fischer, Brown, Huddleson & Gunn, Ward H. Fischer, Fort Collins, for Cache La Poudre Water Users Ass'n; Water Supply & Storage Co.; Jackson Ditch Co.; Tunnel Water Co.; Pleasant Valley & Lake Canal Co.; Louden Irrigating Canal & Reservoir Co.; Thompson Water Users Ass'n; New Cache La Poudre Irrigating Co.; Cache La Poudre Reservoir Co.; City of Fort Collins, Colorado; Consolidated Ditches Co. of Water Dist. No. 1.

Kim R. Lawrence, Greeley, for Central Colorado Water Conservancy Dist.

Holland & Hart, John U. Carlson, Charles M. Elliott, Paul D. Frohardt, Denver, for City of Westminster.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Dennis M. Montgomery, Asst. Atty. Gen., Denver, for State of Colo.

Vandemoer & Reichelt, P.C., Julesburg, for Julesburg Irrigation Dist.

Hill & Hill, Alden V. Hill, Fort Collins, for North Poudre Irrigation Co.

Davis, Graham & Stubbs, John M. Sayre, Robert V. Trout, Denver, for Northern Colorado Water Conservancy Dist.; Municipal Subdistrict, Northern Colorado Water Conservancy Dist.

Kochenburger & Smith, John E. Kochenburger, Fort Collins, for Windsor Reservoir & Canal Co.; Divide Canal & Reservoir Co.; Cache La Poudre Irrigating Ditch Co.; Larimer & Weld Reservoir Co.; Larimer & Weld Irrigation Co.

Sherman & Howard, Gary L. Greer, Denver, for The Warrior Ditch Co.; Town of Empire.

Ireland, Stapleton, Pryor & Holmes, Denver, for Lower South Platte Water Conservancy Dist.

Zook & Woolf, Marvin B. Woolf, Boulder, for Triple Creek Ranch Co.

Stover & Brandes, William Stover, Fort Collins, for the Warren Lake Reservoir Co.

**38**

Albert B. Dawkins, Denver, for William C. Russell, Jr.; Mona M. Dawkins; The Braecher Ranch Co.

William E. Bohlender, Greeley, for the City of Greeley.

Moses, Wittemyer, Harrison & Woodrull, David L. Harrison, Boulder, for South Adams County Water & Sanitation Dist.; Highland Ditch Co.; City of Aravada; City of Golden; City of Boulder; Genesee Water & Sanitation Dist.; Great Western Sugar Co.; Crystal Lakes Development Co.; Glacier View Meadows; Western Paving Const. Co.; Amax, Inc.; Highland Venturers.

Delaney & Balcomb, Kenneth Balcomb, Glenwood Springs, for Colorado River Water Conservation Dist., amicus curiae.

McDaniel & Yates, L.W. McDaniel, Durango, for Southwestern Water Conservation Dist., amicus curiae.

Welborn, Dufford, Cook & Brown, Robert F. Welborn, William C. Robb, Phillip D. Barber, Denver, for CF & I Steel Corp., amicus curiae.

ERICKSON, Justice.

This appeal was taken from a declaratory judgment entered by the District Court in and for Water Division No. 1 (water court) which purported to resolve a conflict in the relationship between Colorado appropriation law and federal reserved water rights. Pursuant to a minute order issued June 19, 1980, our decision in this case was held in abeyance until the resolution of the appeals from the Water Court for Water Divisions 4, 5, and 6. Our decision in *United States v. Denver,* 656 P.2d 1 (Colo.1982) (*Denver I*), determines a number of the issues relating to the federal government's reserved rights to Colorado water and is dispositive of the issues in this case. *Denver I* is being announced contemporaneously with this decision and, for the reasons stated in that opinion, we reverse the trial court's declaratory judgment and remand the case for further proceedings consistent with *Denver I.*

In 1976, after being served in accordance with the McCarran Amendment, 43 U.S.C. § 666 (1976), the United States filed several hundred applications for reserved and appropriative water rights in the water court. The jurisdiction of Colorado water courts to adjudicate the claims of the United States for water rights which had been reserved is now firmly established. *United States v. District Court for Eagle County,* 401 U.S. 520, 91 S.Ct. 998, 28 L.Ed.2d 278 (1971); *United States v. District Court for Water Division No. 5,* 401 U.S. 527, 91 S.Ct. 1003, 28 L.Ed.2d 284 (1971). The United States' applications claimed reserved waters with priority dates which predated many rights decreed to both public and private parties. In 1978, the applications were amended to include the various water claims now on appeal.

The City and County of Denver, joined by other objectors, subsequently filed a petition in the water court for declaratory judgment asking that, *inter alia,* the water court determine the federal government's rights to reserved water in Water Division No. 1. The United States opposed the petition for declaratory judgment and asked the water court for an opportunity to develop a factual basis for its reserved water right claims. On June 5, 1979, the water court issued a declaratory judgment, holding that the claims of the United States would be determined in accordance with Colorado law and that the doctrine of federal reserved water rights did not exist in Colorado. The water court also ruled that the presentation of evidence at trial would be in accordance with the conclusion that the federal government had no reserved rights or claims to water superior to those which had already been decreed under Colorado law. The United States and various other parties then brought this appeal pursuant to C.A.R. 1.

■ A claim for a declaratory judgment, which was not supported by any factual foundation, was not a proper means for determining whether federal reserved rights exist in Colorado. The existence of federal reserved water rights is uniquely

tied to the reservation of public lands which provides the basis for the claimed reserved water right.

The water court's declaratory judgment was based on the conclusion that the nature and extent of the federal reserved water rights doctrine could be determined without reference to any evidence. The court stated that no "facts are necessary to these legal determinations except as can be and are hereby judicially noticed." The water court analyzed a long line of United States Supreme Court cases which developed the law of reserved water rights, and which provide guidance on the nature and extent of federal reserved rights. *United States v. New Mexico,* 438 U.S. 696, 98 S.Ct. 3012, 57 L.Ed.2d 1052 (1978); *California v. United States,* 438 U.S. 645, 98 S.Ct. 2985, 57 L.Ed.2d 1018 (1978); *Cappaert v. United States,* 426 U.S. 128, 96 S.Ct. 2062, 48 L.Ed.2d 523 (1976); *United States v. District Court for Water Division No. 5,* 401 U.S. 527, 91 S.Ct. 1003, 28 L.Ed.2d 284 (1971); *United States v. District Court for Eagle County,* 401 U.S. 520, 91 S.Ct. 998, 28 L.Ed.2d 278 (1971); *Winters v. United States,* 207 U.S. 564, 28 S.Ct. 207, 52 L.Ed. 340 (1908). In our view, the very nature of a federal reserved water right forecloses resolution of the issues relating to the nature and extent of the claimed federal right in a factual vacuum. The water court erred by preventing the United States from presenting evidence to prove a claim for reserved water rights.

■ From the record we cannot determine whether the United States has any reserved rights to water within Water Division 1. Under the reserved water rights doctrine, the United States must establish that withdrawn or reserved federal lands (federal enclaves) exist within Water Division 1 and that the documents establishing each enclave show an explicit or implicit reservation of water. *United States v. New Mexico, supra; Cappaert v. United States, supra.* The United States was not permitted to prove that any federal enclaves located in Water Division No. 1 were created for purposes that explicitly or implicitly reserved water to carry out the purposes for which the federal land was withdrawn or reserved. The purposes for which the federal enclaves were created can only be established by examining the various reservation documents—the statutes, the executive proclamations, and the administrative regulations. Once the documents have been examined and it is clear that the United States has a claim to an amount of reserved water which conflicts with state appropriative rights, then the water court must determine the existence and extent of federal reserved water rights. *See Winters v. United States, supra.*

The existence of federal rights can only be resolved by reviewing the basis for the claim of the United States to reserved water rights. Trial on the merits would establish the nature of each federal enclave and whether potential conflicts exist between state appropriation law and the asserted federal interests. We would create confusion of substantial federal-state issues by basing our review of the water court's legal conclusions on a barren record. The resolution of the complex issues relating to federal reserved rights requires the water court to have a proper factual predicate before an attempt is made to resolve the legal issues.

Accordingly we reverse the trial court's order for declaratory judgment and remand the proceedings for disposition in accordance with the views expressed in *Denver I* regarding federal reserved water rights.[1]

---

1. In *Denver I,* we concluded that the federal government holds reserved water rights in Colorado to the extent necessary to service the purposes of each federal enclave. If Congress intended, explicitly or impliedly, to reserve water for federal purposes, then the federal government has a right vested on the date of the reservation and superior to the rights of future appropriators to that amount of water "necessary to fulfill the purpose of the reservation, no more." *Cappaert v. United States,* 426 U.S. at 141, 96 S.Ct. at 2070; *United States v. New Mexico, supra.* On remand, the water court should proceed in the manner we approved in *Denver I:* For each federal claim of a reserved water right, the trier of fact must examine the documents reserving the land from the public domain and the underlying legisla-

tion authorizing the reservation; determine the precise federal purposes to be served by such legislation; determine whether water is essen-tial for the primary purposes of the reservation; and finally determine the precise quantity of water necessary to satisfy such purposes.