**The TELLURIDE COMPANY, Plaintiff-Appellant,**

v.

**Michael VARLEY, d/b/a Skunk Creek Development Company, Defendant-Appellee.**

No. 95CA2075.

Colorado Court of Appeals, Div. I.

Feb. 6, 1997.

Coleman, Jouflas & Williams, LLC, Joseph B. Coleman, Gregory Jouflas, Grand Junction, for Plaintiff–Appellant.

Bendelow & Darling, P.C., Edward M. Bendelow, Jeffrey R. Bergstrom; George E. Reeves, Denver, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiff, The Telluride Company, appeals the dismissal of its complaint against defendant, Michael Varley, d/b/a Skunk Creek Development Company, for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b)(1). We reverse.

In July 1984, plaintiff obtained a Term Special Use Permit (Permit) from the United States Department of Agriculture, Forest Service, (USFS) pursuant to 16 U.S.C. § 497 (1994). The Permit granted plaintiff the use and occupancy of eighty acres of National Forest land for a period of 30 years for the purpose of constructing, operating, and maintaining a ski resort. Plaintiff has installed improvements and placed the property to the permitted use.

In February of 1994, defendant filed patent applications for two placer mining claims, Lucky # 1 and Lucky # 2, located within the permitted property with the United States Department of the Interior, Bureau of Land Management, (BLM) pursuant to 30 U.S.C. § 29 (1994). The patent application represented that defendant had developed an inexpensive process for extracting unspecified minerals from marine shales located within the boundaries of the claims.

Plaintiff filed a protest pursuant to 30 U.S.C. § 29 (1994) and an adverse claim pursuant to 30 U.S.C. § 30 (1994) to defendant's mining claims with the BLM. 30 U.S.C. § 30 requires a party filing the adverse claim to commence an action in a court of competent jurisdiction to determine the rights of the parties to possession. Plaintiff filed this action in the district court seeking an injunction and damages based on claims of unjust enrichment, equitable lien, trespass, and interference with contract. Proceedings before the BLM were stayed pending the outcome of this litigation.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b). Defendant argued that the court lacked subject matter jurisdiction to determine the validity of unpatented mining claims and that plaintiff claimed no possessory interest.

The trial court granted defendant's motion to dismiss. It reasoned that the resolution of plaintiff's claims depended on whether plaintiff had an actionable possessory right which, in turn, was dependent on whether plaintiff's special use permit withdrew the property from mineral location. The trial court concluded that these issues were federal issues best left to the federal courts and administrative law judges.

On appeal, plaintiff argues the trial court had subject matter jurisdiction over the issue of the right to possession. We agree and reverse and remand with directions to reinstate the plaintiff's complaint.

■ Article VI, Section 9 of the Colorado Constitution confers general jurisdiction upon district courts, with original jurisdiction in all civil, probate, and criminal cases. This jurisdiction extends to cases involving federal rights, even when there is no governing Colorado authority. *United States v. District Court,* 169 Colo. 555, 458 P.2d 760 (1969), *aff'd,* 401 U.S. 520, 91 S.Ct. 998, 28 L.Ed.2d 278 (1971).

■ A federal question is presented when the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331 (1994). An action "arises under" federal law when the vindication of a right under state law necessarily turns on the construction of a federal law.

■ When a federal question is presented, state and federal courts have concurrent jurisdiction unless Congress has affirmatively given exclusive jurisdiction to the federal courts. *Movitz v. Division of Employment & Training,* 820 P.2d 1153 (Colo.App.1991). No such exclusive jurisdiction has been given with respect to the issues here presented.

■ There is an abundance of authority to the effect that plaintiff, as the holder of a special use permit as opposed to a holder of a mineral estate, lacks standing to bring an adverse claim pursuant to 30 U.S.C. § 30. *Creede & Cripple Creek Mining & Milling Co. v. Uinta Tunnel, Mining & Transportation Co.,* 196 U.S. 337, 25 S.Ct. 266, 49 L.Ed. 501 (1905); *see* 4 *American Law of Mining* § 52.02 (1996). This does not, however, in our view, preclude a state court from determining the rights of the parties to possession even though its determination may not ultimately bind the BLM pursuant to 30 U.S.C. § 30.

The complaint filed in this matter sufficiently places the issue of possession before the court without reference to any adverse proceedings. *See Vance v. St. Charles Mesa Water Ass'n,* 170 Colo. 313, 460 P.2d 782 (1969) (the purpose of a complaint is to give the defendant notice of the issues involved; the theory of the pleader is not important).

In *Duguid v. Best,* 291 F.2d 235 (9th Cir. 1961), the plaintiffs sought damages for trespass and validation of their mining claims in state court against an irrigation district which held a special use permit granted by the USFS. The irrigation district had concurrently filed a private contest with the BLM. The court held that the state court was the proper forum for recovering damages for trespass because it could determine the rights of the parties according to the law of possession and the paramount title of the United States would not be affected. Further, it held that in determining the possessory rights of the parties the state court could evaluate the mineral or non-mineral character of the land and whether a discovery had been made.

Here, as in *Best,* two parties claim a right of possession in federal land. The federal government is not, and need not be, a party to the litigation as its paramount title is not in question. *See* 30 U.S.C. § 53 (1994) ("No possessory action between persons, in any court of the United States, for the recovery of any mining title, or for damages to any such title, shall be affected by the fact that the paramount title to the land in which such mines lie is in the United States; but each case shall be adjudged by the law of possession.").

Defendant relies in part on *Best v. Humboldt Placer Mining Co.,* 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963) to support his argument that jurisdiction properly lies in the federal agencies. We do not find that case applicable here.

In *Humboldt Placer,* the United States sought to acquire unpatented mining claims through eminent domain. After commencing the action and obtaining possession, the United States requested that the determination of the validity of the mining claims be determined administratively. The Supreme Court stated that evaluating the validity of unpatented mining claims—whether the discovery is such that a reasonable person would be justified in expending resources to develop a mine—is a task properly committed to the broad authority of the Department of the Interior. The court did not, however, hold that it was inappropriate for such matters to be determined by courts, including state courts.

■ We conclude that in determining the possessory interests of the parties, the state court may consider the mineral or non-mineral character of the land. *See Duguid v. Best, supra.*

We find no authority supporting the proposition that the determination of whether a USFS permit withdraws the land from mineral interests is determinative or is a matter committed solely to decision by federal courts or agencies. To the contrary, in *Blackburn v. Portland Gold Mining Co.,* 175 U.S. 571, 20 S.Ct. 222, 44 L.Ed. 276 (1900), the United States Supreme Court held that proceedings to determine the right of possession in conjunction with an adverse claim may be commenced in either state or federal

court. *See also McMullin v. Magnuson,* 102 Colo. 230, 78 P.2d 964 (1938).

Defendant argues that the USFS permit gave plaintiff only the right to "use and occup[y]" the land, not a right of possession. We fail to see a meaningful distinction between the right to "use and occupy" and the right to "possess" while, at the same time, recognizing that defendant's interest may mature into ownership and plaintiff's will not.

There being no regulatory or statutory provision to the contrary, we find plaintiff's ability, or inability, to maintain an adverse claim with the BLM pursuant to 30 U.S.C. § 30 has no impact upon the state court's jurisdiction over the issue of possession.

We conclude the trial court has jurisdiction to determine the possessory rights of the parties.

The judgment of dismissal is reversed and the cause is remanded for further proceedings.

STERNBERG, C.J., and QUINN *, J., concur.