**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAN LUIS OBISPO COASTKEEPER, a project of EPIC, a 501(c)(3) nonprofit corporation; LOS PADRES FOREST WATCH, a 501(c)(3) nonprofit corporation,<br><br>       Plaintiffs-Appellants,<br><br>  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR; UNITED STATES BUREAU OF RECLAMATION; BRENDA BURMAN, Commissioner, U.S. Bureau of Reclamation,<br><br>       Defendants-Appellees. | No.   19-16655<br><br>D.C. No. 3:19-cv-00177-EMC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted October 22, 2020[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON, N.R. SMITH, and R. NELSON, Circuit Judges.

San Luis Obispo Coastkeeper and Los Padres Forest Watch ("Coastkeeper") appeals the district court's dismissal of Coastkeeper's claim based on California law, arguing that the district court erred in finding that the United States[1] had not waived its sovereign immunity pursuant to the McCarran Amendment, 43 U.S.C. § 666. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The Santa Maria Water Conservation District's ("District") prior litigation to establish groundwater rights within the Santa Maria Valley ("*Santa Maria Valley Groundwater Litigation*") did not qualify as a comprehensive adjudication of the United States' water rights sufficient to waive sovereign immunity pursuant to the McCarran Amendment. To be sufficiently "comprehensive" to waive sovereign immunity pursuant to the McCarran Amendment, *United States v. Idaho*, 508 U.S. 1, 3 (1993), an adjudication of water rights "must include the undetermined claims of all parties with an interest in the relevant water source," *United States v. Oregon*, 44 F.3d 758, 769 (9th Cir. 1994). Because neither the United States nor its right to impound and use the Cuyama River water for flood control purposes was subject to the *Santa Maria Valley Groundwater Litigation*, that litigation was

---

[1]    We refer to named defendants—the Department of the Interior and the Bureau of Reclamation—collectively as the "United States."

2

not a "comprehensive adjudication" of "[t]he whole community of claims . . . involved" in this case. *United States v. Dist. Court for Eagle Cty.*, 401 U.S. 520, 525 (1971); *see also United States v. Cappaert*, 508 F.2d 313, 321 (9th Cir. 1974) (noting that, because "[t]he United States was not required to appear and prove its water rights to prevent forfeiture of its claims[,] the water rights of the United States were not in issue"). Thus, the United States has not waived its sovereign immunity in this case.

Coastkeeper's arguments to the contrary are not persuasive. First, Coastkeeper's attempts to equate the rights of the District—a party to the *Santa Maria Valley Groundwater Litigation*—to those held by the United States are not supported by the record. Neither the "License for [the] Diversion and Use of Water" ("License") from California nor the United States' contract "Providing for the Construction of the Santa Maria Project" ("Contract") granted the District the United States' water right at issue here or otherwise authorized the District to act as the United States' contractual delegate with regard to that water right. Indeed, the rights granted to the District in the License and Contract were "subject to" the United States' right to use the impounded water for flood control purposes. Therefore, though the *Santa Maria Valley Groundwater Litigation* may have involved "[t]he whole community of claims" within the Santa Maria Groundwater

3

Basin, *see Eagle Cty.*, 401 U.S. at 525, it did not involve the United States' right to use the impounded river water for flood control purposes—the right Coastkeeper seeks to reach in this case.

Second, Coastkeeper's "chain of water rights" argument has no apparent legal basis. That all water in a specific area—here, the Santa Maria Groundwater Basin—has been apportioned out to rights holders in that area, does not mean all upstream users who have a prior or appropriative right are somehow "involved" in such an apportionment. The United States' water right at issue here—the right to impound the water and use it for flood control purposes—was not at issue in the *Santa Maria Valley Groundwater Litigation.* Thus, the United States had no "interest in the relevant water source" and has not waived its sovereign immunity. *Oregon*, 44 F.3d at 769.

2.     Because we have determined that there has been no comprehensive adjudication including the United States' right to impound the Cuyama River water for flood control purposes, we need not reach the question of whether Coastkeeper's suit is an "administration" of such water rights. *See Orff v. United States*, 358 F.3d 1137, 1143 n.3 (9th Cir. 2004) ("To come within the [administration clause of the McCarran Amendment], a suit must seek to enforce or administer rights of the sort covered by § 666(a)(1), already adjudicated.").

4

**AFFIRMED.**[2]

---

[2]    We grant Coastkeeper's Motion for Judicial Notice of the parallel state court proceedings. *See* Fed. R. Evid. 201; *accord ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 756 n.1 (9th Cir. 2014).