**WILLIAM T. & LUCILLE P. HOLMES, Plaintiffs**

**v.**

**THE GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**
**VIRGIN ISLANDS REFINERY CORPORATION,**
**Intervening Defendant**

Civil No. 482-1973

District Court of the Virgin Islands

Div. of St. Croix

November 27, 1973

EVELYN N. COOPER, ESQ. (Principal Attorney for Plaintiff), Christiansted, St. Croix, V.I., *for plaintiff*

WILLIAM T. HOLMES, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

ATTORNEY GENERAL, St. Croix, V.I., *for defendant Government*

MERWIN, ALEXANDER & O'BRIEN, ESQS. (WARNER ALEXANDER, of counsel), Christiansted, St. Croix, V.I., *for intervening defendant V.I. Refinery Corp.*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

This is a motion for reconsideration of an Order of this Court allowing the Virgin Islands Refinery Corporation to intervene in this action as a party defendant. After examining the arguments of plaintiff in opposition to the intervention, I have concluded that there are no persuasive reasons for disturbing the earlier Order. Indeed, I have concluded that the Virgin Islands Refinery Corporation ("VIRCO") has a right to intervene within the meaning of Federal Rule of Civil Procedure 24(a)(2). I will explain briefly my reasons for so deciding.

First, it should be mentioned that plaintiff concedes that VIRCO satisfies two of the three conditions specified in Rule 24(a)(2) for intervention as of right. (Plaintiff's

Memorandum, p. 1.) Therefore, I will not discuss VIRCO's interest in the case or the fact that the disposition may impair or impede its ability to protect that interest. It need only be said that these two conditions are substantial factors in any decision on intervention and the fact that they are clearly satisfied is significant.

██ The only disputed condition is the "adequacy of representation" requirement. In considering this condition, one preliminary matter should be noted. Prior to 1966, Rule 24 placed on the would-be intervenor the burden of satisfying the Court that his representation in the action was or might be inadequate. An important shift in the burden of persuasion took place with the amendment of the Rule in 1966 to read that "anyone shall be permitted to intervene" when the two "interest" conditions are met "unless the applicant's interest is adequately represented by existing parties." Nuesse v. Camp, 385 F.2d 694, 702 (D.C. Cir. 1967); Smuck v. Hobson, 408 F.2d 175, 181 (D.C. Cir. 1969); Shapiro, Some Thoughts on Intervention Before Courts, Agencies and Arbitrators, 81 Harv. L. Rev. 721, 741 n. 91 (1968). The language of the new rule suggests that, when the two interest conditions are met, courts should take a liberal approach toward allowing intervention. It has been said that the additional "adequacy of representation" requirement is now satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers, 401 U.S. 528, 538 n. 10 (1972). Because of the change in the Rule's wording and the Supreme Court's indication that only a minimal showing of "inadequacy" of representation is required, I feel obliged to approach the arguments on this question with at least a slight presumption in favor of intervention.

Plaintiff accurately points out that VIRCO alleges no adversity of interest, non-feasance or neglect of duty, col-

lusion or bad faith in connection with its argument that the Government of the Virgin Islands does not adequately represent its interest in the case. (Plaintiff's Memorandum, p. 2.) But the absence of these factors is not decisive in determining adequacy of representation. It is true that the factors mentioned by plaintiff, if present, would easily demonstrate that the intervenor was inadequately represented. Stadin v. Union Electric Co., 309 F.2d 912, 919 (8th Cir. 1962) cert. denied, 373 U.S. 915 (1963). However, it does not follow that these are the only circumstances that suggest inadequacy of representation.

 I must agree with the statement that "the most important factor in determining adequacy of representation is how the interest of the absentee compares with the interests of the present parties." C. Wright and A. Miller, 7A Federal Practice and Procedure at 524 (1972). Here, it seems that both parties will seek the same outcome: a determination that the passage of Bill No. 5588 was valid, or at least that the injunction sought would be improper. However, the interest of the intervenors is best characterized as similar, but not identical, to that of the Government. See Ford Motor Co. v. Bisanz Bros., Inc., 249 F.2d 22 (8th Cir. 1957). The Government is probably anxious to see the statute in question upheld so that the project can go forward. But it is not impossible to imagine that, as the litigation develops, the Government might conclude that a new statute passed under unquestionable circumstances might better serve their interest. Or, they might conclude that a change in the original plans was warranted and, therefore, the statute need not be vigorously defended. VIRCO, on the other hand, has a large, immediate financial interest to protect. It cannot afford to decide that governmental considerations warrant a determination that the law was invalid, with a view toward going ahead later under a new statute.

In short, it is my judgment that there is a serious possibility that the present representation of VIRCO's position may be inadequate. In such circumstances, when the first two conditions of Rule 24(a)(2) are met, intervention is a matter of right. This conclusion is further supported here because it appears that VIRCO may be in a better position than the Government to assert the special defense of laches.

Finally, I think it is useful to refer to the view expressed by some commentators that the applicant is the best judge of when representation is adequate and, therefore, that intervention should always be allowed when he is willing to bear the cost of separate representation. There is much to recommend this position. However, it is not necessary for me to go so far. I think the interest of VIRCO is sufficiently different and special so that there is more than an insignificant possibility that the representation of its position by the government may be inadequate. Consequently, all the conditions set forth in Rule 24(a)(2) are met and VIRCO is entitled to intervene.

## ORDER

For the reasons stated in the above Memorandum Opinion, it is hereby ORDERED:

(1) That Plaintiff's motion for reconsideration and withdrawal of this Court's Order allowing VIRCO to intervene be DENIED; and it is further ORDERED

(2) That the Order of November 7, 1973, permitting intervention be modified to specifically provide that the conditions of Rule 24(a)(2) for intervention of right have been satisfied.