L. Douglas ALLARD et al., Plaintiffs-Appellees,

v.

Kent FRIZZELL, Solicitor of the Department of the Interior and Acting Secretary of the Interior, et al., Defendants,

National Audubon Society, Inc., and Environmental Defense Fund, Inc., Movants-Appellants.

No. 76–1251.

United States Court of Appeals, Tenth Circuit.

Argued May 18, 1976.

Decided June 23, 1976.

Henry W. Ipsen, of White & Burke, Denver, Colo., for movants-appellants.

John P. Akolt III, of Akolt, Dick & Akolt, Denver, Colo., for plaintiffs-appellees.

Before SETH and HOLLOWAY, Circuit Judges, and STANLEY, District Judge.*

PER CURIAM.

The appellant corporations, National Audubon Society, Inc. and Environmental Defense Fund, Inc., sought to intervene in a three-judge case pending in the United States District Court for the District of Kansas, *Allard v. Frizzell*, Civil No. 75–W–1000. Their motions were denied, and they have taken this appeal.

The trial court, considering the motions under Rule 24(a), Fed.R.Civ.P., determined:

"The application is timely; it is doubtful that there is any interest claimed in feathers which are part of Indian artifacts manufactured long before the statutes were passed and it is even more doubtful that the disposition of the case may as a practical matter impair or impede applicants' ability to protect any interest they may have in bird life or the environment. Without deciding where the burden of persuasion lies, we think that the United States Department of Justice will adequately defend the constitutionality of the federal statutes and regulations under attack, and applicants' only legitimate concern in this case is in being sure that the constitutionality of the laws is fully argued. We are sure that all arguments in support of the laws will be presented by government counsel. The National Audubon Society, Inc. and the Environmental Defense Fund, Inc. have established no right to intervene under Rule 24(a)."

We agree with the trial court that no right to intervene here has been established. The plaintiffs' cause of action is based on, or directed to, the artifacts they have in their possession. It is their interest in those feathered items that is central to and limits their challenge to the Acts. No interest is asserted by the movants as to these artifacts. The movants instead assert an interest in protection of living birds, and the environment, but these matters are not in issue.

To qualify for intervention under Rule 24(a), the "interest" asserted in the subject of the litigation must be a specific legal or equitable one. *Toles v. United States*, 371 F.2d 784 (10th Cir.). The nature of the interest required has not changed in recent years, except as to the res judicata implications which were previously applied in some circumstances. *See Hobson v. Hansen*, 269 F.Supp. 401 (D.D.C.), and Moore, Federal Practice, ¶ 24.09–1. The specific nature of the cause of action, and the basis for plaintiffs' claims, when examined closely, demonstrates the wide departure therefrom

* Of the District of Kansas, Sitting by Designation.

sought to be made by the movants. The movants have no requisite specific interest, and none other than that asserted by the public generally. They are corporate entities and work within such a framework on matters of general interest, according to their briefs on this appeal. Such interests in scientific and educational causes, and their ability to advance them, would not be impeded by the disposition of this action.

As to permissive intervention under Rule 24(b), the considerations are much the same. The movants contemplate a lawsuit which is quite different from the one in progress. We agree with the trial court which in its order said:

> "It takes a strained reading to conclude that protecting living eagles has a question of fact or law in common with the constitutional questions raised in this case which have to do with dealing in feathers which came from long-dead eagles."

The trial court also said that intervention would delay the case. We find no abuse of discretion.

AFFIRMED.

HOLLOWAY, Circuit Judge, concurring in the result:

I concur in the result reached by the majority, although I have doubt about the holding that the requisite interest for intervention is not shown in accordance with Rule 24(a), as amended in 1966.[1]

Despite that doubt, I would sustain the denial of intervention as of right. The district court's order says that without deciding where the burden of persuasion lies, the court thinks that the Department of Justice will adequately defend the constitutionality of the federal statutes and regulations un-

der attack and that the applicants' only legitimate concern in this case is in being sure that the constitutionality of the laws is fully argued. I accept that assessment by the court, and on that basis would sustain the denial of intervention under Rule 24(a). And I agree with the majority in finding no abuse of discretion in the denial of permissive intervention under Rule 24(b).

---

1. Among other things, the plaintiffs' complaint alleges that the Migratory Bird Act and regulations thereunder are unconstitutional for vagueness, in violation of the Fifth Amendment (R. 12). They further aver that the Eagle Protection Act and regulations thereunder are vague and indefinite, in violation of the Fifth Amendment, and that this Act is also invalid under the Tenth Amendment (R. 18–19).

In connection with these statutes the Government concurred that the applicants have cer-

tain interests (R. 102–03). And the Audubon Society has supported the statutes and has been represented on two advisory committees within the Fish and Wildlife Service as the Government represented to the district court (R. 104–05). Under Rule 24(a) such interests in the regulatory scheme may now be sufficient, cf. *Nuesse v. Camp,* 128 U.S.App.D.C. 172, 385 F.2d 694, 699–701. Without going into this doubtful area, I would simply affirm on the adequacy of representation point.