**NATIONAL FARM LINES,**
Plaintiff-Appellee,

v.

**INTERSTATE COMMERCE COMMISSION,**
Defendant-Appellee,

and

**National Motor Freight Traffic Association, Inc., Regular Common Carrier Conference, and Common Carrier Conference—Irregular Route, Petitioners to Intervene-Appellants.**

No. 76–1600.

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 27, 1977.

Decided Oct. 25, 1977.

James F. Housley and Julian D. Jensen, Salt Lake City, Utah, for plaintiff-appellee; Hertzberg, Kaplan & Koslow, Los Angeles, Cal., of counsel.

Ray R. Christensen, Salt Lake City, Utah, and Bryce Rea, Jr., Washington, D. C., for petitioners to intervene-appellants; Christensen, Gardiner, Jensen & Evans, Salt Lake City, Utah, and Rea, Cross & Knebel, Washington, D. C., of counsel.

Before SETH and DOYLE, Circuit Judges, and STANLEY,* District Judge.

WILLIAM E. DOYLE, Circuit Judge.

This is a review of a denial of intervention in an action in which the plaintiff-appellee sought to obtain an adjudication of unconstitutionality of § 203(b)(5) of the Interstate Commerce Act, 12 U.S.C. § 1141j and regulations promulgated under § 204(f)(1) of the Act, 49 U.S.C. § 304(f)(1), limiting the extent to which agricultural cooperatives may engage in transportation for hire by motor vehicles in interstate commerce. The statutory and regulatory scheme undertakes to protect the regulated motor common carrier industry from unregulated competition.

The petitioners are representatives of a great number of common carriers by motor vehicle operating under certificates issued by the I.C.C. The intervention is sought pursuant to Rule 24(a) of the Federal Rules of Civil Procedure governing intervention as of right or, in the alternative, Rule 24(b), permissive intervention.

Allegations in the intervention petitions are that a decision adverse to their interests in this action would render unenforceable a statutory scheme which directly protects their economic interests and would, as a result, subject them to unregulated competition which would be highly injurious.

The district court without making findings or giving reasons entered an order denying intervention as of right. This is an appeal from that order.

The order in question is appealable if plaintiff can intervene as of right under Rule 24(a) or, in the alternative, if in the denial of intervention under Rule 24(b), permissive intervention, the court abused its discretion. *See State of New Mexico v. Aamodt,* 537 F.2d 1102 (10th Cir. 1976).

Rule 24(a) reads as follows:

Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the

---

* Of the District of Kansas, sitting by designation.

action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

 The plaintiff challenges the petition on the ground that the interest of appellants is limited in relation to the standard of Rule 24(a). What it requires is an interest in the property or transaction, whereby the disposition may as a practical matter impair or impede the petitioner's ability to protect that interest. But the main basis for objection is that the interest of the applicant is adequately represented by the existing parties. If this is true, there cannot, of course, be any intervention. The I.C.C. has not objected to the intervention.

At the outset we notice that in 1966 Rule 24(a) was changed. Under the old Rule 24(a)(2), intervention was allowed when the representation of the applicant's interest by existing parties is or may be inadequate. The present language allows intervention where there is an interest which will be impaired or impeded by the disposition of the case *unless* the interest is adequately represented by existing parties. Petitioners argue that the burden of proof has shifted as a result of the amendment so that it is no longer on the party seeking intervention and is instead on the party opposing intervention. The latter, it is said, has the burden of establishing that the applicant's interest is adequately represented without intervention.[1]

 The Supreme Court in the case of *Trbovich v. United Mine Wkers.*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1972), has said that the requirement of Rule 24(a) is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." In line with the Supreme Court's ruling, the burden, although slight,

continues to be on the petitioners to show that the representation by parties may be inadequate.

When does an applicant establish that his interests may not be adequately represented? The case of *Atlantic Refining Co. v. Standard Oil Co.*, 113 U.S.App.D.C. 20, 304 F.2d 387 (1962), is quite similar to the case at bar. There Standard brought an action against the Secretary of the Interior seeking to obtain a declaration that certain regulations allocating oil import quotas were invalid. Competitors of Standard were allowed to intervene on the basis that the government might not adequately represent their interests. The court considered it significant that the applicants had access to many facts about the oil industry.

Other cases have recognized the inadequacy of governmental representation of the interests of private parties. *See General Motors Corp. v. Burns*, 50 F.R.D. 401 (D.Hawaii 1970). In that case an effort had been made in the action to invalidate a licensing act which protected auto dealers. The state auto trade association sought to intervene and the court recognized that it had a direct economic interest in preserving the act, an interest which the state did not have, and that this was adequate to result in inadequacy of representation. To the same effect is *Holmes v. Government of Virgin Islands*, 61 F.R.D. 3 (D.St. Croix 1973).

To the effect that government representation is inadequate to represent the interests of private proprietors affected by the outcome are *Planned Parenthood v. Citizens for Comm. Action*, 558 F.2d 861 (8th Cir. 1977), and *Nader v. Ray*, 363 F.Supp. 946 (D.D.C.1973).

 Some of the cases in this area stress the fact that petitioners in intervention possess experience and knowledge in a complex area of business which the government agency does not have.

---

1. This view of burden of proof has some following in the cases. *See Nuesse v. Camp*, 128 U.S.App.D.C. 172, 179, 385 F.2d 694, 701 (1967); *TPI Corp. v. Merchandise Mart of S. Car., Inc.*, 61 F.R.D. 684 (D.S.Car. 1974) (dicta);

*Holmes v. Government of Virgin Islands*, 61 F.R.D. 3 (D.St. Croix 1973). *Accord*, 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1909 at 521 (1972).

**384**

In sum, then, there can be no question about the existence of an interest on the part of the present petitioners. In fact, there appears to be little disagreement here on that question. We have here also the familiar situation in which the governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible. The cases correctly hold that this kind of a conflict satisfies the minimal burden of showing inadequacy of representation.

Our court has tended to follow a somewhat liberal line in allowing intervention. *See Dowell v. Board of Ed. of Okla. City,* 430 F.2d 865, 868 (10th Cir. 1970). It has not, however, decided the instant question previously.

■ We have examined our decision in *Allard v. Frizzell,* 536 F.2d 1332 (10th Cir. 1976), which is relied on by the plaintiff-appellee. There certain environmental groups sought to intervene in a case which challenged the constitutionality of the Migratory Bird and Eagle Protection Acts. The interest of the environmental groups was limited to their possession of certain feathered Indian artifacts in which the would-be intervenors had no interest. The majority opinion said they lacked an interest and, of course, failed to discuss whether the existing parties could represent them. The concurring opinion said that the government there could adequately uphold the very limited interest of the applicants. We do not see *Allard* as constituting authority here.

It is unnecessary to consider whether there exists a basis for permissive intervention of Rule 24(b) since we hold that the petitioners qualify under Rule 24(a), intervention as of right.

The judgment of the district court denying intervention is reversed and the cause is remanded with directions to grant the petitions seeking intervention of the common carriers by motor vehicle who are before the court.