578 F.2d 1341
 12 ERC 1306
 NATURAL RESOURCES DEFENSE COUNCIL, INC., the Central
Clearing House, Sally Rodgers, and Sandy Simons,
Plaintiffs-Appellees,
v.
UNITED STATES NUCLEAR REGULATORY COMMISSION, Marcus A.
Rowden, Victor Gilinsky, Richard T. Kennedy, New
Mexico Environmental Improvement Agency,
and Thomas E. Baca, Defendants,
United Nuclear Corporation, Intervenor,
and
Kerr-McGee Nuclear Corporation and the American Mining
Congress, Petitioners-to-Intervene Appellants,
The Anaconda Company, Gulf Oil Corporation and Phillips
Petroleum Company, Petitioners-to-Intervene.
 Nos. 77-1996, 78-1069.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted May 12, 1978.
Decided June 15, 1978.
 
 Neil M. Soltman, of O'Melveny & Myers, Los Angeles, Cal. (Philip F. Westbrook, Owen C. Olpin and Brian C. Lysaght, of O'Melveny & Myers, Los Angeles, Cal., and of counsel, Alfred Forsyth, Santa Fe, N. M., on the brief), for plaintiffs-appellee.
 Peter J. Nickles, of Covington & Burling, Washington, D. C. (John Michael Clear and Gregg H. Levy, of Covington & Burling, and Bruce D. Black, of Campbell, Bingaman & Black, P.A., Santa Fe, N. M., on the brief), for appellant Kerr-McGee Nuclear Corp.
 R. Brooke Jackson, of Holland & Hart, Denver, Colo. (Frank H. Morison, of Holland & Hart, Denver, Colo., Paul J. Kelly, Jr., of Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, N. M., and of counsel, James R. Walpole, American Mining Congress, Washington, D. C., on the brief), for appellant the American Mining Congress.
 Before DOYLE and LOGAN, Circuit Judges, and STANLEY, Senior District Judge.*
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 The American Mining Congress and Kerr-McGee Nuclear Corporation seek review of the order of the United States District Court for the District of New Mexico denying their motions to intervene was a matter of right or on a permissive basis, pursuant to Rule 24(a)(2) and (b), Fed.R.Civil Proc.
 
 
 2
 The underlying action in which the movants requested intervention was instituted by the Natural Resources Defense Council, Inc., and others. In the action, declaratory and injunctive relief is directed to the United States Nuclear Regulatory Commission (NRC) and the New Mexico Environmental Improvement Agency (NMEIA), prohibiting those agencies from issuing licenses for the operation of uranium mills in New Mexico without first preparing environmental impact statements. Kerr-McGee and United Nuclear are potential recipients of the licenses.
 
 
 3
 Congress, in the Atomic Energy Act of 1954, 42 U.S.C. §§ 2011-2296, has authorized the NRC to issue such licenses. NMEIA is involved because under § 274(b) of the Act, 42 U.S.C. § 2021(b) (1970), the NRC is authorized to enter into agreements with the states allowing the states to issue licenses. Such agreements have been made with about 25 states including New Mexico. Thus, the action below in effect seeks to prevent the use of § 274(b) of the Act so as to avoid the requirement of an impact statement for which provision is made in the National Environmental Policy Act.
 
 
 4
 42 U.S.C. § 4332(2)(C) (1970) requires that a detailed environmental impact statement must be prepared by all federal agencies "in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment." The complaint cites this requirement and alleges that an environmental impact statement would ordinarily be required here as a prerequisite to the issuance of licenses for the operation of uranium mills were it not for the arrangement which gives jurisdiction to the state. It further alleges that such statements are now prepared by the NRC in states that have not entered into agreements with the NRC, but that the NRC does not prepare such statements where there is an agreement with a state such as New Mexico. Plaintiff contends that the granting of licenses by state agencies predicated on delegation of authority from the NRC causes the NRC to consider the aspect of "major federal action" to be thereby eliminated. The New Mexico agency, NMEIA, which grants the license, does not prepare environmental impact statements since it is not a federal agency and is not required either by its agreement with NRC or by state law to prepare such a statement.
 
 
 5
 The relief sought by the plaintiffs' complaint is, First, that NRC's involvement in the licensing procedure in New Mexico is, notwithstanding the delegation to the state, sufficient to constitute major federal action, whereby the impact statement requirement is not eliminated. Second, that if an impact statement is not required in connection with the granting of licenses, the New Mexico program is in conflict with § 274(d)(2) of the Atomic Energy Act of 1954, 42 U.S.C. § 2021(d)(2) (1970).
 
 
 6
 The motion of United Nuclear Corporation to intervene is not opposed by the parties and was granted. On May 3, 1977, the date that the complaint herein was filed, NMEIA granted a license to United Nuclear to operate a uranium mill at Church Rock, New Mexico. The complaint seeks to enjoin the issuance of the license thus granted.
 
 
 7
 It was after that that Kerr-McGee Nuclear Corporation, Anaconda Company, Gulf Oil Corporation, Phillips Petroleum Company, and the American Mining Congress filed motions to intervene. These motions, insofar as they sought intervention as of right, were denied on the ground that the interests of the parties or movants would be adequately represented by United Nuclear. Permissive intervention was also denied. Kerr-McGee and the American Mining Congress both appeal denial of both intervention as of right and permissive intervention.
 
 
 8
 Our issue is a limited one. We merely construe and weigh Rule 24(a) of the Fed.R.Civ.P. (intervention as of right) and decide in light of the facts and considerations presented whether the denial of intervention was correct. The Rule provides as follows:
 
 
 9
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 10
 We do not have a subsection (1) situation involving a statutory conferring of right to intervene. Accordingly, we must consider the standards set forth in subsection (2), which are:
 
 
 11
 1. Whether the applicant claims an interest relating to the property or transaction which is the subject of the action.
 
 
 12
 2. Whether the claimants are so situated that the disposition of the action may as a practical matter impair or impede their ability to protect that interest.
 
 
 13
 3. Whether their interest is not adequately represented by existing parties.
 
 
 14
 The district court's order denying intervention by the several corporations focused on whether the interest of the party seeking to intervene was adequately represented by a fellow member of the industry. Our relatively recent decision in National Farm Lines v. ICC, 564 F.2d 381 (10th Cir. 1977), was held not determinative because the movants for intervention would be represented by a fellow member of the industry rather than by the United States Government, whose interests were different in National Farm Lines. The court decided that the interests of the movants were adequately protected by United Nuclear, which possessed the necessary experience and knowledge in a complex area of business, whereby the representative's capability was competent to meet the demands. The court thought that to allow the intervention would engender delay and produce unwieldy procedure; and that the movants' requirements were met by allowing the filing of amicus curiae briefs.
 
 
 15
 Our conclusion is that the interests of movants in the subject matter is sufficient to satisfy the requirements of Rule 24 and that the threat of loss of their interest and inability to participate is of such magnitude as to impair their ability to advance their interest.
 
 I.
 
 16
 The position adopted by the trial court that Kerr-McGee was adequately represented dispensed with the need for the court to consider the question whether Kerr-McGee had an interest in the litigation before the court. Plaintiffs-appellees maintain that the appellants do not have the requisite interest because they are not directly involved; that the controversy centers on the effort of Natural Resources Defense Council, Inc. to prevent the issuance of a license to United Nuclear unless and until an environmental impact statement is issued. The question then is whether the contention made is a correct concept of interest. Strictly to require that the movant in intervention have a Direct interest in the outcome of the lawsuit strikes us as being too narrow a construction of Rule 24(a)(2). Kerr-McGee argues that the meaning of interest is one which, if they do not prevail in the intervention, threatens them with a disposition of the action which may, as a practical matter, impair or impede their efforts to protect the interest. Thus, we are asked to interpret interest in relationship to the second criterion in Rule 24(a)(2), impairment or impeding ability to protect the interest.
 
 
 17
 The Supreme Court has said that the interest must be a significantly protectable interest. See Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). The Supreme Court held that a taxpayer did not have a right to intervene in a judicial enforcement proceeding seeking issuance of an Internal Revenue summons ordering production of business records of his employer. The narrowness of the Summons proceeding was noted, and it was said that an objection of the taxpayer could be raised at the proper time in a subsequent trial.
 
 
 18
 Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 135-36, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967), held that the interest claimed by the applicant in intervention did not have to be a direct interest in the property or transaction at issue provided that it was an interest that would be impaired by the outcome. There Cascade's source of supply would have been a new company created by an antitrust divestiture, a significant change. In view of this consequence of the litigation, it was held that Cascade had a sufficient interest. See also Allard v. Frizzell, 536 F.2d 1332, 1334 n.1 (10th Cir. 1976).[1] In Allard it was ruled that the applicant in intervention did not have a sufficient interest. Movant's interest there was general and somewhat abstract.
 
 
 19
 In our case the matter of immediate interest is, of course, the issuance and delivery of the license sought by United Nuclear. However, the consequence of the litigation could well be the imposition of the requirement that an environmental impact statement be prepared before granting any uranium mill license in New Mexico, or, secondly, it could result in an injunction terminating or suspending the agreement between NRC and NMEIA. Either consequence would be felt by United Nuclear and to some degree, of course, by Kerr-McGee, which is said to be one of the largest holders of uranium properties in New Mexico. It operates a uranium mill in Grants, New Mexico, pursuant to an NMEIA license, which application for renewal is pending. A decision in favor of the plaintiffs, which is not unlikely, could have a profound effect upon Kerr-McGee. Hence, it does have an interest within the meaning of Rule 24(a)(2). This interest of Kerr-McGee is in sharp contrast to the minimal interest which was present in Allard, wherein it was an interest of environmental groups in the protection of living birds. This was considered insufficient to justify intervention in a case involving feathers which are part of Indian artifacts. Their interest was said to be limited to a general interest in the public. Id. at 1334. The interest asserted on behalf of Kerr-McGee and the American Mining Congress is one which is a genuine threat to Kerr-McGee and the members of the American Mining Congress to a substantial degree.
 
 
 20
 We do not suggest that Kerr-McGee could expect better treatment from state authorities than federal. We do recognize that a change in procedure would produce impairing complications.
 
 II.
 
 21
 The next question is whether, assuming the existence of an interest, the chance of impairment is sufficient to fulfill the requirement of Rule 24(a)(2).
 
 
 22
 As already noted, the question of impairment is not separate from the question of existence of an interest. The appellants both claim an interest in licenses that are now before NMEIA or will be in the future. If the relief sought by the plaintiffs is granted, there can be little question but that the interests of the American Mining Congress and of Kerr-McGee would be affected. Plaintiffs contend, however, that appellants would not be bound by such a result if they are not participants. Kerr-McGee points out that even though it may not be res judicata, still it would have a stare decisis effect. Moreover, with NRC and NMEIA as parties, the result might be more profound than stare decisis.
 
 
 23
 It should be pointed out that the Rule refers to impairment "as a practical matter." Thus, the court is not limited to consequences of a strictly legal nature. The court may consider any significant legal effect in the applicant's interest and it is not restricted to a rigid res judicata test. Hence, the stare decisis effect might be sufficient to satisfy the requirement. See New York Public Interest Research Group, Inc. v. Regents of the University of New York, 516 F.2d 350, 352 (2d Cir. 1975). It is said that where, as here, the case is of first impression, the stare decisis effect would be important. See Nuesse v. Camp, 128 U.S.App.D.C. 172, 180, 385 F.2d 694, 702 (1967).
 
 
 24
 Finally, the considerations for requiring an environmental impact statement will be relatively the same in respect to the issuance of a uranium mining license in every instance. Hence, to say that it can be repeatedly litigated is not an answer, for the chance of getting a contrary result in a case which is substantially similar on its facts to one previously adjudicated seems remote. See Natural Resources Defense Council v. Costle, 183 U.S.App.D.C. 11, 16-18, 561 F.2d 904, 909-11 (1977); Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harv.L.Rev. 356, 405 (1967).
 
 
 25
 We are of the opinion, therefore, that appellants have satisfied the impairment criterion.
 
 III.
 
 26
 The final question is whether the trial court was correct in its conclusion that United Nuclear would adequately represent Kerr-McGee and the American Mining Congress.
 
 
 27
 The finding and conclusion was that the representation would be adequate because United Nuclear, a fellow member of the industry, has interests which were the same as those of the appellants and possessed the same level of knowledge and experience with the ability and willingness to pursue the matter and could adequately represent Kerr-McGee and the members of the American Mining Congress.
 
 
 28
 We have held in accordance with Trbovich v. UMW, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972), that the burden continues to be on the petitioner or movant in intervention to show that the representation by parties may be inadequate. National Farm Lines v. ICC, 564 F.2d 381, 383 (10th Cir. 1977). We have also recognized the holding in Trbovich that the burden is minimal; that it is enough to show that the representation "may be" inadequate.
 
 
 29
 United Nuclear is situated somewhat differently in this case than are the other members of the industry since it has been granted its license. From this it is urged by Kerr-McGee that United Nuclear may be ready to compromise the case by obtaining a mere declaration that while environmental impact statements should be issued, this requirement need be prospective only, whereby it would not affect them. While we see this as a remote possibility, we gravely doubt that United Nuclear would opt for such a result. It is true, however, that United Nuclear has a defense of laches that is not available to Kerr-McGee or the others.
 
 
 30
 7A C. Wright & A. Miller, Federal Practice & Procedure, § 1909, at 524 (1972), says:
 
 
 31
 (I)f (an applicant's) interest is similar to, but not identical with, that of one of the parties, a discriminating judgment is required on the circumstances of the particular case, but he ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee.
 
 
 32
 While the interest of the two applicants may appear similar, there is no way to say that there is no possibility that they will not be different and the possibility of divergence of interest need not be great in order to satisfy the burden of the applicants under National Farm Lines, supra.
 
 
 33
 There are other reasons for allowing intervention. There is some value in having the parties before the court so that they will be bound by the result. American Mining Congress represents a number of companies having a wide variety of interests. This can, therefore, provide a useful supplement to the defense of the case. The same can be said of Kerr-McGee.
 
 
 34
 The trial court was concerned that the addition of these movants would make the litigation unwieldy. If the intervenors are limited to this group, unwieldiness does not become a problem which the trial court cannot control. It does not appear that there would be a need for additional parties in view of the presence of the American Mining Congress. While we do not express an opinion on the possibilities of further additions, we wish to make clear that the present holdings that the two applicants should be allowed to intervene does not say that others should be added. The two appellants here have satisfied their burden of the three requirements of Rule 24(a)(2). Consequently, they should be and they are hereby allowed to intervene. Accordingly, we need not determine whether the district court erred in denying permissive intervention under Rule 24(b).
 
 
 35
 The order of the district court is reversed and the cause is remanded with instructions to the trial court to grant the appellants, Kerr-McGee's and American Mining Congress', motions to intervene.
 
 
 
 *
 Of the District of Kansas, sitting by designation
 
 
 [1]
 Holloway, J., concurring in the result