**CABOT LNG CORPORATION, Plaintiff,**

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, Defendant.**

**Civ. No. 94–2036 (DRD).**

United States District Court, D. Puerto Rico.

Aug. 7, 1995.

Luis Sanchez–Betances, Sanchez Betances & Sifre, San Juan, PR, John C. Traficonte, Cabot Corporation, Boston, MA, Robert S. Frank, Jr., Choate Hall & Stewart, Boston, MA, for plaintiff.

Miriam Soto–Contreras, San Juan, PR, Pedro Santiago–Torres, San Juan, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court are two motions requesting intervention as of right, filed by AES Puerto Rico L.P. ("AES") and EcoEléctrica "(EcoEléctrica"), See **dockets 18 and 19**, respectively. Plaintiff, Cabot LNG Corp. ("Cabot") has filed a motion opposing AES's application for intervention and requesting the dismissal of EcoEléctrica's motion to intervene. **(Docket 23).**

Both AES and EcoEléctrica seek intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure claiming an interest in the action, for they have entered into written agreements with PREPA, regarding the construction and operation of cogeneration facilities.

Rule 24(a) provides in pertinent part:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

■ From this rule the courts have derived four requisites which must be satisfied before a request for intervention as of right can be granted, to wit: (1) the application for intervention is timely; (2) the petitioner has a direct and substantial interest in the subject matter of the action; (3) the petitioner could suffer prejudice by the disposition of the action without being present; and, (4) the existing parties may not adequately represent the applicant's interest. *See Conservation Law Foundation v. Mosbacher,* 966 F.2d 39, 41 (1st Cir.1992); *Travelers Indemnity Co. v. Dingwell,* 884 F.2d 629, 637 (1st Cir. 1989); *Caterino v. Barry,* 922 F.2d 37, 39–40 (1st Cir.1990); *Cascade Natural Gas Corp. v. El Paso Natural Gas,* 386 U.S. 129, 134 n. 3, 87 S.Ct. 932, 936 n. 3, 17 L.Ed.2d 814 (1967).

Relating to the requirement of timeliness, The United States Court of Appeals for the First Circuit in *Banco Popular de Puerto Rico v. Greenblatt,* 964 F.2d 1227, 1231 (1st Cir.1992), advanced four factors which must be considered in determining whether the petition for intervention has been filed in a timely fashion. These are: (1) the length of time the applicant knew or reasonably should have known that its interest was imperilled before it moved to intervene; (2) the foreseeable prejudice to existing parties if intervention is granted; (3) the foreseeable prejudice to the applicant if intervention is denied; and (4) idiocratic circumstances, which fairly viewed, militate for or against intervention. The First Circuit however, recognized that the determination as to the timeliness of a request for intervention should be taken by the District court in a discretionary, and case by case basis, subject to review only on a clear showing of abuse of discretion. 964 F.2d at 1230 n. 3.

Both AES and EcoEléctrica sustain that their application is timely. They contend that no scheduling order has been issued by the Court, that discovery has not begun, and that the named defendant has yet to answer the Complaint; hence, no prejudice befalls on the existing parties.

■ In view of the fact that in the instant case the Complaint was filed on July 29, 1994, and that both AES and EcoEléctrica filed their motions to intervene on the 24th and 27th of October, 1994, respectively, the Court **agrees** that the applications were made in a **timely fashion.**

■ Secondly, to qualify for intervention as of right under Rule 24(a), the petitioner must have a direct and substantial interest in the subject matter of the action. In *Donald-*

*son v. U.S.*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971) the Supreme Court of the United States stated that to justify intervention as of right, the claimed interests must be "significantly protectable". Notwithstanding, the Court of Appeals for the First Circuit has acknowledged that "there is no precise and authoritative definition of the interest required to intervene", but "the intervenor's claims must bear a 'sufficiently close relationship' to the dispute between the original litigants". This interest must be direct and not contingent. *See Conservation Law Foundation*, 966 F.2d at 42; *Travelers Indemnity Co.*, 884 F.2d at 638. Thus, the determination as to whether the potential intervenor has a substantial interest, must be taken in light of the facts of each particular case. *See, Conservation Law Foundation* 966 F.2d at 42.

■ In the case at bar, Cabot attacks the validity of the selection process employed by PREPA which ultimately developed into electric power purchase contracts with AES and EcoEléctrica. In its opposition to the motions for intervention, Cabot argues that the core dispute in this action is whether PREPA must employ competitive bidding to purchase electric power, and that the contracts with AES' and EcoEléctrica are incidental to that dispute.[1] Therefore, Cabot seems to contend that AES and EcoEléctrica's interests in this case are contingent. However, injunctive relief is sought, not only to enjoin PREPA into compliance with the bidding requirements, but also prohibiting PREPA from entering into or performing under the AES' and EcoEléctrica's contracts, unless the bidding requirements are complied with. Should Cabot's request for relief be granted, both AES' and EcoEléctrica's economic interests in the contracts they have executed with PREPA would be adversely affected. The Court, thus holds that both **AES and EcoEléctrica have a substantial interest in the subject matter of the action.**

■ The third requisite to be met for intervention as of right under Rule 24(a) to be granted is that the petitioner could suffer prejudice, by the disposition of the action without being present. This issue is closely tied to the nature of the interest espoused by the potential intervenor. *See,* 7C Wright & Miller, Federal Practice and Procedure: Civil 2d, § 1908 (1986); *Conservation Law Foundation*, 966 F.2d at 42. The question of whether the disposition of a case might impair or impede the potential intervenor's ability to protect its interest should be addressed in practical terms. 7C Wright & Miller at § 1908; *U.S. v. Stringfellow*, 783 F.2d 821, 826 (9th Cir.1986). It is no longer necessary for the potential intervenor to be bound by the rules of res judicata. *See,* 7C Wright & Miller at § 1908. In fact in *Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir.1989) the Court of Appeals for the Eleventh Circuit held that even "the potential stare decisis effect may supply that practical disadvantage which warrants intervention as of right". 865 F.2d at 1214.

■ Thus, if the injunctive relief sought by Cabot were to be granted, PREPA would be precluded from performing under the contracts and therefore, a preclusive effect would befall on both AES and EcoEléctrica. For these reasons AES and EcoEléctrica comply with the third requirement for intervention as of right.

The final obstacle which must be cleared in order to qualify for intervention as of right is that the existing parties may not adequately represent the applicant's interest. In *Trbovich v. U.M.W.*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972) the Supreme Court of the United States, held that the adequacy of representation barrier is a minimal one and will be saved if the applicant shows that the representation of his interest may be inadequate. The burden of making such a showing is minimal. 404 U.S. at 538, 92 S.Ct. at

1. On November 14, 1995, when Cabot filed its Opposition to the motions for intervention (Docket # 23) PREPA had only entered into a written agreement with AES, executed on October 11, 1994, but not with EcoEléctrica. Hence Cabot, has raised different arguments against AES and against EcoEléctrica. Because a formal agreement between PREPA and EcoEléctrica was formalized and executed on March 10, 1994, and given that AES and EcoEléctrica are now similarly situated, the Court shall extend and apply to EcoEléctrica, the same arguments and issues Cabot has raised against AES.

636. Cabot places great emphasis on the Court of Appeals decision *in Moosehead Sanitary District v. S.G. Phillips Corp.*, 610 F.2d 49 (1st Cir.1979) in which the First Circuit asserted that "[w]here a party seeking to intervene has the same ultimate goal as a party already in the suit, courts have applied a presumption of adequate representation". 610 F.2d at 54.

■ To overcome this presumption the petitioner must ordinarily "demonstrate adversity of interest, collusion or nonfeasance." *Id.*[2] Nevertheless, these are not the only three circumstances in which inadequate representation may be found. *See,* 7C Wright & Miller at § 1909. Cabot contends that PREPA, AES, and EcoEléctrica have convergent interests in supporting the legality of the selection process employed by PREPA. However, the potential intervenors' interests and PREPA's are different. PREPA is a government agency and therefore, cannot adequately represent private interests in litigation. See *National Farm Lines v. Interstate Commerce Commission,* 564 F.2d 381 (10th Cir.1977).

For the reasons stated hereinabove, and because the intervenors have met their burden of complying with the four requisites established by Rule 24(a)(2) and the case law, the Court hereby **GRANTS** the motions to intervene as of right filed by AES, **docket 18,** and EcoEléctrica, **docket 19,** and **DENIES** CABOT LNG's Opposition to AES's Application for Intervention and Motion to Dismiss EcoEléctrica's Motion to Intervene, **docket 23**[3].

Furthermore, the **tendered** Motion for Summary Judgement and Request for Injunctive Relief, filed by intervenor AES Puerto Rico, on October 24, 1994, is hereby **authorized** to be filed and **admitted.**

In addition, EcoEléctrica's Opposition to Cabot's Motion for Summary Judgement and Request for Injunctive Relief and Cross Motion to Dismiss and/or Summary Judgement, **docket 20,** is hereby **authorized** to be filed.

**IT IS SO ORDERED.**

---

**2.** We must acknowledge that in *Caterino v. Barry,* 922 F.2d 37 (1st Cir.1990) the First Circuit Court has intimated that the burden of establishing the adequacy of representation might rest on the party opposing intervention.

**3.** The Court has discretion to authorize permission to intervene by virtue of Permissive Intervention pursuant to Fed.R.Civ.Proc. 24(b)(2).