The **NORTHERN CHEYENNE TRIBE OF the NORTHERN CHEYENNE INDIAN RESERVATION, Plaintiff,**

v.

**TONGUE RIVER WATER USERS ASSOCIATION, a corporation, et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**TONGUE RIVER WATER USERS ASSOCIATION et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**BIG HORN LOW LINE CANAL et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**Velva AASHEIM et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**Arvin S. AAGESON et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**AMS RANCH, INC. et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**Annette A. ABELL et al., Defendants.**

Nos. CV–75–6–BLG, CV–75–20–BLG, CV–75–34–BLG, CV–79–40–BLG, CV–79–21–GF, CV–79–22–GF and CV–79–33–M.

United States District Court,
D. Montana,
Billings Division,
Great Falls Division,
Missoula Division.

Nov. 29, 1979.

Wendell Shoulderblade, Vice-President, Northern Cheyenne Tribal Council, Lame Deer, Mont., Ziontz, Pirtle, Morisset, Ernstoff & Chestnut, Seattle, Wash., Leland J. Pond, Lame Deer, Mont., for plaintiff in No. CV–75–6–BLG.

Regina L. Sleater, Scott B. McElroy, Land and Natural Resources Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff in Nos. CV–75–20–BLG, CV–75–34–BLG, CV–79–40–BLG, CV–79–21–GF, and CV–79–22–GF.

Calvin L. Wilson, Busby, Mont., Jeanne S. Whiteing, John E. Echo-Hawk, Native American Rights Fund, Boulder, Colo., for plaintiff in No. CV–75–20–BLG.

James W. Moorman, Asst. Atty. Gen., Land and Natural Resources Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff in Nos. CV–79–21–GF, CV–79–22–GF, and CV–79–33–M.

James J. Clear, Land and Natural Resources Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff in No. CV–79–33–M.

Robert T. O'Leary, U. S. Atty., Butte, Mont., for plaintiff in Nos. CV–75–20–BLG, CV–75–34–BLG, CV–79–40–BLG, CV–79–21–GF, CV–79–22–GF, and CV–79–33–M.

Maurice R. Colberg, Jr., Hibbs, Sweeney & Colberg, Billings, Mont., for Tongue River Water Users Ass'n et al.

John F. North, James F. Walsh, Asst. Attys. Gen., Helena, Mont., for State of Montana.

Allen B. Chronister, Ted J. Doney, Helena, Mont., for Mont. Dept. of Natural Resources.

Ralph R. Wright, Wright, Tolliver & Guthals, Billings, Mont., for T. Adsit.

Donald W. Molloy, Berger, Anderson, Sinclair & Murphy, Billings, Mont., for Sherman Johnson.

John W. Robinson, Hamilton, Mont., for Rena Swindle Williams.

Mike Greely, Atty. Gen., Helena, Mont., for State of Montana.

Murray, Kaufman, Vidal & Gordon, Murphy, Robinson, Heckathorn & Phillips, Kalispell, Mont., for defendants.

Gary H. Peterson, Billings, Mont., for Burlington Northern.

Boone, Karlberg & Haddon, Missoula, Mont., Sutherland, Asbill & Brennan, Washington, D. C., for Flathead, Mission, and Jocko Valley Irrigation Districts.

Sonosky, Chambers & Sachse, Washington, D. C., Brent R. Cromley, Billings, Mont., for Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation, Montana, in Nos. CV–79–40–BLG and CV–79–21–GF.

Cale Crowley, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Mont., for defendants in Nos. CV–79–40–BLG, CV–79–21–GF, and CV–79–22–GF.

Helena S. Maclay, Missoula, Mont., for State of Montana in Nos. CV–79–40–BLG, CV–79–21–GF, and CV–79–22–GF.

## MEMORANDUM AND ORDER

BATTIN, Chief District Judge and HATFIELD, District Judge.

Pending before the various divisions of this Court are several actions brought by the United States for the purpose of adjudicating the water rights of certain Indian tribes as well as Indian and non-Indian individuals in and to the waters of certain streams. This general stream adjudication is before this Court upon the plaintiffs' invocation of 28 U.S.C. § 1345. The State of Montana has moved to dismiss in certain of these cases, on the grounds that the courts of the State of Montana, rather than the federal courts, are the proper forum for adjudicating water rights. As the Court is faced with a question common to each of the captioned cases in addressing the State of Montana's motion, the cases have been jointly considered by the Judges of this Court before whom they are pending, and the State's motion jointly addressed. Upon consideration of each of the cases presently before the Court, we find that, based upon the decision of the Supreme Court in *Colorado River Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and the policy of wise judicial administration affirmed therein, the State of Montana's motion to dismiss is well taken, and each of the captioned cases must be dismissed.

### A. Jurisdiction

The water rights adjudications in issue have each been brought pursuant to 28 U.S.C. § 1345. That section provides that the district courts shall have jurisdiction over all civil actions brought by the Federal Government "[e]xcept as otherwise provided by Act of Congress". In *Colorado River Conservation District v. United States*, the Supreme Court considered whether the McCarran Amendment is such an Act of Congress excepting federal jurisdiction under § 1345.

The Court found that the Amendment (which is uncodified) does not, by its terms, indicate any repeal of federal jurisdiction under § 1345 to entertain federal water suits. The Court further found that the immediate effect of the Amendment is to give consent to jurisdiction in the state courts concurrent with jurisdiction in the federal courts over controversies involving federal rights to the use of water. The Court's holding that the McCarran Amendment constituted consent to concurrent state jurisdiction also embraced consent to adjudication of Indian water rights.

Not only the Amendment's language, but also its underlying policy, dictates a construction including Indian rights in its provisions. *United States v. District Court for Eagle Country*, 401 U.S. 520, 91 S.Ct. 998, 28 L.Ed.2d 278 rejected the conclusion that federal reserved rights in

general were not reached by the Amendment for the reason that the Amendment "[deals] with an all-inclusive statute concerning 'the adjudication rights to the use of water of a river system.' " [Citations omitted.] This consideration applies as well to federal water rights reserved for Indian reservations.

424 U.S. at 810, 96 S.Ct. at 1243.

It is perfectly evident from the Court's holding in the *Colorado* case that not only does the McCarran Amendment permit concurrent state and federal jurisdiction over adjudication of federal water rights, but also is to be construed as reaching federal water rights reserved on behalf of the Indians. By enacting the McCarran Amendment, the Government has in no way breached its special obligation to the tribes.

Mere subjection of Indian rights to legal challenge in state court, however, would no more imperil those rights than would a suit brought by the Government in district court for their declaration, a suit which, absent the consent of the Amendment, would eventually be necessitated to resolve conflicting claims to a scarce resource. The Government has not abdicated any responsibility fully to defend Indian rights in state court, and Indian interests may be satisfactorily protected under regimes of state law.

424 U.S. at 812, 96 S.Ct. at 1243.

### B. Abstention

■ Although this Court recognizes that it has jurisdiction over the subject matter of the instant actions under § 1345, it nonetheless finds merit in the State's motion to dismiss. Abstention, however, is not the judicial vehicle by which that end is properly attained. The *Colorado* case has carefully instructed us that the doctrine of abstention is narrow, and can only be invoked in certain limited instances. In determining that the district court erred in abstaining, the Supreme Court defined with some precision the instances in which abstention is proper. The Court found that the *Colorado* case fell without the grounds for abstention for the reason that, although

state claims are involved in the case, the state law to be applied appears to be settled. No questions bearing on state policy are presented for decision. Nor will decision of the state claims impair efforts to implement state policy as in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424. To be sure, the federal claims that are involved in the case go to the establishment of water rights which may conflict with similar rights based on state law. But the mere potential for conflict in the results of adjudications does not, without more, warrant staying exercise of federal jurisdiction. [Citations omitted.] The potential conflict here, involving state claims and federal claims, would not be such as to impair impermissibly the State's effort to effect its policy respecting the allocation of state waters. Nor would exercise of federal jurisdiction here interrupt any such efforts by restraining the authority vested in state officers.

424 U.S. at 815, 816, 96 S.Ct. at 1245.

### C. Policy of Wise Judicial Administration

Although the Court found that the *Colorado* case fell within none of the categories permitting abstention, the Court nonetheless upheld the district court's dismissal of the federal water adjudication. In examining the record, the Court found that principles bottomed on "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation", 424 U.S. at 817, 96 S.Ct. at 1246, made deference to the state courts by dismissal of the federal action proper. In so determining, the Court stated that the grounds for such dismissal are even more narrow than those for abstention, in view of the federal court's obligation to exercise its jurisdiction.

Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons

of wise judicial administration are considerably more limited than the circumstances appropriate for abstention.

424 U.S. at 818, 96 S.Ct. at 1246.

The Court illuminated those factors making dismissal proper. It determined that such factors as the inconvenience of the federal forum (in terms of distance from the situs of the action), the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums are proper for consideration.

No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against exercise is required.

424 U.S. at 818, 819, 96 S.Ct. at 1247.

Further factors highlighted by the Court as meriting consideration include: in water rights litigation, the interdependency of the various rights; the availability of comprehensive state systems for adjudication of water rights; the stage of the proceedings in the federal court, beyond the filing of the complaint and the motion to dismiss; the extensive involvement of state water rights (in *Colorado*, 1,000 defendants were named); and the apparent design of the McCarran Amendment to avoid piecemeal or burdensome litigation.

By enactment of the last legislature of the State of Montana, Senate Bill 76, as yet uncodified, has provided the vehicle for adjudicating claims of existing water rights in Montana. The provisions of that bill bear heavily upon this Court's decision to dismiss these cases on the basis of wise judicial administration.

In essence the Bill provides for adjudication of all existing water rights in the State of Montana. Section 6 of the Bill provides that:

(1) The action for the adjudication of all existing water rights under [this act] is commenced with the issuing of the order by the Montana supreme court to file a statement of a claim of an existing water right as provided in [section 16].

.  .  .  .

(2) The water judge for each division shall exercise jurisdiction over all matters concerning the determination and interpretation of existing water rights within his division  .  .  .  .

.  .  .  .  .

(4) All matters concerning the determination and interpretation of existing water rights shall be brought before or immediately transferred to the water judge in the proper water division unless witnesses have been sworn and testimony has been taken by a district court prior to the date of the Montana supreme court order as provided in [section 16].

Section 16 of the Bill provides that:

(1) The Montana supreme court shall within 10 days of the filing of the petition by the attorney general issue an order to file a statement of a claim of an existing water right in substantially the following form:

"WATER RIGHTS ORDER

FAILURE TO FILE A CLAIM AS REQUIRED BY LAW WILL RESULT IN A CONCLUSIVE PRESUMPTION THAT THE WATER RIGHT OR CLAIMED WATER RIGHT HAS BEEN ABANDONED.  .  .  .. This order is notice of commencement of procedures for the general adjudication of existing rights to the use of water and of the requirement to file a claim for certain existing rights to the use of water. Every person, including but not limited to an individual, partnership, association, public or private corporation, city or other municipality, county, state agency of the state of Montana, and federal agency of the United States of America on its own behalf or as trustee for any Indian or Indian tribe, asserting a claim to an existing right to the use of water arising prior to July 1, 1973, is ordered to file a statement of claim to that right with the department no later than June 30, 1983.  .  .  .."

The above-cited sections reflect both the policy and the essential mechanism for adjudication of state water rights. Adjudi-

cation by adversary proceeding initiated by one claimant against all others in his drainage has been forsaken in favor of blanket adjudication of *all* claims, including federal and federal trust claims, in a systematic manner. The procedure outlined in the Bill is that of: (1) filing of an order by the Supreme Court requiring the filing by all claimants of statements of each claim; (2) upon filing of all claims, submission of the claims to the water judge in the division or district in which the claimed water is diverted; (3) through utilization of special masters, the rendering, by the water judge, on the basis of the filed claims, of a preliminary decree of water right; (4) after passage of time without objection to the preliminary decree, entry of a final decree of water right which is binding upon all parties; (5) if objection is timely taken by the claimant to the preliminary decree, judicial determination of the right, but without the necessity of joining all users in the claimant's drainage. It is clear that the adjudication contemplated by the Bill is both comprehensive and efficient. As the general adjudication has been initiated by recent order of the Montana Supreme Court, it would seem that the greater wisdom lies in following *Colorado River*, and, on the basis of wise judicial administration, deferring to the comprehensive state proceedings. The federal proceedings are all in their infancy; service of process has been but recently completed. The state adjudication is thorough, as opposed to the piecemeal proceedings initiated by the Government. There is no jurisdictional question preliminarily attending the state adjudication; all such questions have been eliminated by the McCarran Amendment. The state forum will likely be more convenient, geographically, than the federal forum. The amount of time contemplated for completion of the state adjudication is significantly less than would be necessary for federal adjudication, insofar as the state has provided a special court system solely devoted to water rights adjudication. The federal judicial resources in Montana are limited; continued exercise of federal jurisdiction over the pending adjudications would either exhaust or severely deplete those resources for a substantial number of years, just by virtue of the number of parties involved. (In these cases, there are approximately 9,000 defendants.) The possibility of conflicting adjudications by the concurrent forums also looms large and could be partially avoided only by staying the pending state adjudication, an action *Colorado River* has intimated is distinctly repugnant to a clear state policy and purpose.

Therefore, on the basis of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,

IT IS ORDERED that the above-captioned cases be, and the same hereby are, dismissed.